Carl R. OSBORNE, Appellant,

v.

C. H. LOONEY, Warden United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 5052.

United States Court of Appeals, Tenth Circuit.

March 30, 1955.

Martin A. Kane, Denver, Colo., for appellant.

Royce L. Sickler, Topeka, Kan. (William C. Farmer, U. S. Atty., Wichita, Kan., and Selby S. Soward, Asst. U. S. Atty., Topeka, Kan., were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PER CURIAM.

Carl R. Osborne brought this habeas corpus proceeding to challenge the validity of his confinement in the United States Penitentiary at Leavenworth, Kansas. The District Court dismissed the action.

The petitioner was indicted on six counts in the District Court of Kansas for violation of 18 U.S.C.A. § 2314. Before arraignment, an attorney was appointed to represent the petitioner. In open court, the petitioner's counsel stated that a similar charge was pending against the petitioner in the District of Nebraska, and that the petitioner desired that the Nebraska case be transferred to the District of Kansas under Rule 20 for disposition. Fed.Rules Crim.Proc. rule 20, 18 U.S.C.A. The district court carefully advised the petitioner of his rights to have the Nebraska case presented to a grand jury, whereupon petitioner waived indictment, and signed a consent to transfer the Nebraska Case to the District of Kansas for plea and sentence.[1]

The information was thereafter filed in the District of Nebraska and the case was transferred to the District of Kansas for disposition, as requested by the petitioner.

The petitioner then appeared before the Kansas District Court for sentence in both cases. The judgment and sentence in the Kansas Case provided that the petitioner should be confined for a period of four years on each count, and the sentences on each count were to run concurrently. He was also sentenced to be confined for a period of four years on the Nebraska charge, and that sentence was to run consecutively with the other sentences. The petitioner has served the first sentence, and he now contends that the sentence in the Nebraska Case was void because he did not waive indictment in that case, and was not served with a copy of the Nebraska information as required by Rule 20. The record clearly shows that there is no merit to this contention. The petitioner waived indictment and signed a consent for the transfer of the case under Rule 20 in which it was stated that he had been furnished with a copy of the information.

Furthermore, there is no showing that the remedy afforded the petitioner under 28 U.S.C.A. § 2255 is inadequate and ineffective. The record discloses that relief under that section had previously been denied. Section 2255 was designed to supplant the remedy of habeas corpus and to provide for the same relief by filing a motion in the action in which the judgment and sentence were rendered. A judgment may be attacked only under Section 2255, unless it is shown that the remedy thereunder is inadequate and ineffective. Nelson v. Looney, 10 Cir., 211 F.2d 89; Hol-

---

1. This consent reads as follows:
"Consent to transfer of case for plea and sentence"
"Carl R. Osborne, defendant named above, hereby acknowledges receipt of a copy of the Information pending against him in the above-entitled case, and states that he wishes to plead guilty or nolo contendere to said Information, to waive trial thereunder in the District of Nebraska, Lincoln, Division, and to consent to disposition of the case in the District of Kansas, where the defendant was arrested, all in accordance with Rule 20 of the Rules of Criminal Procedure for the District Courts of the United States.
"/s/ Carl R. Osborne
"Defendant"
Witnesses:
"/s/ R. R. Reffelk
"/s/ J. C. Lowry"

loway v. Looney, 10 Cir., 207 F.2d 433, certiorari denied 346 U.S. 912, 74 S.Ct. 245, 98 L.Ed. 409; Clough v. Hunter, 10 Cir., 191 F.2d 516; Barnes v. Hunter, 10 Cir., 188 F.2d 86, certiorari denied 342 U.S. 920, 72 S.Ct. 368, 96 L.Ed. 688; Barrett v. Hunter, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965, certiorari denied 340 U.S. 897, 71 S.Ct. 234, 95 L.Ed. 650.

Judgment affirmed.