Joe Anthony **EMMETT**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 5980.

United States Court of Appeals
Tenth Circuit.

Nov. 25, 1958.

No appearance for appellant.

John S. Pfeiffer, Asst. U. S. Atty., Denver, Colo. (Donald E. Kelley, U. S. Atty., Denver, Colo., was with him on the brief), for appellee.

Before PHILLIPS, MURRAH and LEWIS, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion to vacate a sentence, made by Emmett under 28 U.S.C.A. § 2255. Emmett was tried, convicted and sentenced to imprisonment for a term of five years on three counts of an indictment, each charging a violation of the Marihuana Tax Act, 26 U.S.C.A. §§ 4741–4744, inclusive.

During the trial, counsel for the United States called as a Government witness the lieutenant in charge of the Bureau of Identification of the Police Department of the City and County of Denver and asked him if he had certain records. When the lieutenant responded that he had such records, he was asked to produce them. When the records were produced, Government counsel handed them to the reporter to be marked for identification. At that point counsel for Emmett and the other defendants approached the bench and requested the court to declare a mistrial. The court recessed and heard the matter fully in the absence of the jury. The court concluded that the jury had neither seen the exhibits nor observed them to the extent that they learned the contents thereof; held that the exhibits were not admissible in evidence; directed that they be not returned to the courtroom and denied the motion for a mistrial. The denial of such motion is the ground set up in the motion to vacate the sentence.

■ It is only where the judgment was rendered without jurisdiction, the sentence imposed was not authorized by law, or there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack that a motion to vacate will lie under § 2255, supra.[1]

■ It is clear that the matters upon which the motion in the instant case is predicated do not constitute a ground for a motion to vacate a sentence under § 2255, supra. Moreover, the same matter was urged by Emmett in a direct appeal from the judgment and sentence and was decided adversely to him by this court in Gaitan v. United States,[2] 10 Cir., 252 F.2d 256, 259.

---

1. Pulliam v. United States, 10 Cir., 178 F.2d 777, 778 and cases cited in Note 1 thereto. See also Barrett v. Hunter, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965.

2. Emmett was also an appellant in the Gaitan case.