**George F. MARTIN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 5998.**

United States Court of Appeals
Tenth Circuit.

Jan. 22, 1959.

---

3. While California does not require instantaneous recording, it does require that it be recorded as soon as practicable. And there is no California case which has upheld anything like a 79 day delay. See Wolpert v. Gripton, 213 Cal. 474, 2 P. 2d 767, and Williams v. Belling, 76 Cal. App. 610, 245 P. 455.

**517**

Alan A. Armour, Denver, Colo., for appellant.

Erwin A. Cook, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before BRATTON, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

**PER CURIAM.**

On June 7, 1954 the defendant, George F. Martin, entered a plea of not guilty to a two-count indictment charging him with using the United States mails to defraud. Thereafter, on April 15, 1955, while serving another sentence, the defendant, at his own request, was brought before the court, at which time he withdrew his plea of not guilty and entered a plea of guilty to each of the two counts of the indictment. On April 19, 1955 he was sentenced to serve a term of five years on each count, which sentences were to run consecutively to each other and with the sentence which the defendant was then serving. On September 3, 1957 the defendant requested that he be furnished, without cost, certified copies of the indictment and other parts of the record. This request was denied. On November 25, 1957 the defendant wrote the United States District Judge for the Western District of Oklahoma, requesting a modification of his sentence. The letter was treated as a motion under 28 U.S.C.A. § 2255, and was denied. On February 7, 1958 defendant filed a conglomeration of papers labeled "Petition for writ of habeas corpus ad testificandum," a notice of intent to appeal, [1] a motion for a subpoena duces tecum, a motion to vacate judgment and sentence and to withdraw plea of guilty,[2] and a memorandum in support of the last motion. On February 10, 1958 the court entered an order overruling the petition and motions. Later defendant's additional motions to proceed in forma pauperis were denied. On April 21, 1958 another motion for modification of sentence was filed and overruled. On June 16, 1958 the defendant filed another petition for a writ of habeas corpus which was also overruled.

The only attempt to appeal was the notice filed February 7, 1958 which stated, in effect, that the defendant intended to appeal from any adverse orders which might thereafter be entered in the case. In civil or criminal cases, the Court of Appeals acquires appellate jurisdiction only upon the filing of a timely notice of appeal, filed after the entry of the judgment or order from which appeal is taken. Rule 73, Fed.Rules Civ. Proc., 28 U.S.C.A. Rule 37, Fed.Rules Crim Proc., 18 U.S.C.A. Lujan v. United

---

1. This notice stated "that the petitioner desires and intends to appeal should judgment of the court in the above entitled cause of action be adverse to the petitioner in any degree, that, in such event the clerk is directed to enter the appeal in accordance with the applicable rules of the court * * *."

2. Except to correct manifest injustice, "a motion to withdraw a plea of guilty * * * may be made only before sentence is imposed * * *." Fed.Rules Crim.Proc. rule 32(d).

**518**

States, 10 Cir., 204 F.2d 171. We find nothing in the record which constitutes a timely notice of appeal, [3] or any indication of the particular judgment or final order from which defendant desires to appeal, and therefore the appeal is dismissed.

3. Apparently the defendant desires a review of a series of orders which were entered in different proceedings over a period of time.