George F. MARTIN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6209.

United States Court of Appeals Tenth Circuit.

Jan. 4, 1960.

Jerry L. Smith, Denver, Colo., for appellant.

Jack R. Parr, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., and Erwin A. Cook, Asst. U. S. Atty., Oklahoma City, Okl., were on the brief), for appellee.

Before MURRAH, Chief Judge, BREITENSTEIN, Circuit Judge, and CHRISTENSON, District Judge.

BREITENSTEIN, Circuit Judge.

The questions presented here relate to a proceeding under 28 U.S.C. § 2255. Appellant Martin, on a plea of guilty, was sentenced to consecutive five-year terms under a two-count indictment charging the use of the mails to defraud. An appeal from the judgment of conviction was dismissed as filed out of time.[1]

After the dismissal of the first appeal, Martin attempted to file a motion for relief under § 2255 and submitted therewith an application for leave to proceed in forma pauperis which was denied. The clerk of the court wrote Martin that permission had been denied and returned to him all the papers which he had presented.

Martin gave notice of appeal to this court and filed here an application for leave to proceed in forma pauperis. Mindful of the rule laid down in Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060,[2] this court appointed an attorney to investigate, in the role of an advocate, the possible grounds of appeal, and after a report from that attorney granted permission to proceed here in forma pauperis.

Counsel for Martin contends that an application for relief under § 2255 must be treated as a motion filed in the origi-

nal criminal case to which it relates and is not a new civil action, suit or proceeding for which a docket fee must be paid or permission received to proceed in forma pauperis.

The background and legislative history of § 2255 are set out in United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. It is there said that the sole purpose of that section is "to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum,"[3] and that "a proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction."[4]

The Reviser's Note to § 2255 reads thus:

"This section restates, clarifies and simplifies the procedure in the nature of the ancient writ of error coram nobis. It provides an expeditious remedy for correcting erroneous sentences without resort to habeas corpus."

In United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 249, 98 L.Ed. 248, it was held that § 2255 is no bar to a motion in the nature of coram nobis.[5] Therein the court stated that coram nobis "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding" and said that such motion "is of the same general character as one under 28 U.S.C. § 2255, 28 U.S.C.A. § 2255."[6]

While it serves no good purpose here to determine whether § 2255 takes on the nature of a writ of error coram nobis or of a writ of habeas corpus,[7] the dis-

1. Martin v. United States, 10 Cir., 263 F. 2d 516.

2. See also Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529, and Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593.

3. 342 U.S. 219, 72 S.Ct. 272.

4. 342 U.S. 222, 72 S.Ct. 274.

5. In Morgan the prisoner had completed service of the federal sentence imposed and was not in federal custody.

6. 346 U.S. at pages 505–506, note 4, 74 S.Ct. at page 249.

7. In Kahl v. United States, 10 Cir., 204 F.2d 864, 867, this court said that § 2255 "was intended to clarify and simplify the procedure employed in the ancient com-

tinction made in the Morgan case as to the procedural aspects points up the difficulty. Under that decision coram nobis is a proceeding in the original criminal case while habeas corpus is a separate case. Perhaps the proceeding under § 2255 is "a sort of hybrid."[8]

This court has said that an application under § 2255 "should be made by a motion filed in the criminal case,"[9] but in no case where such statement has been made was there presented the issue which we now have before us. The accuracy of such statements is doubtful in view of Heflin v. United States, 358 U.S. 415, 418, note 7, 79 S.Ct. 451, 453, 3 L.Ed.2d 407, wherein it is said that "a motion under § 2255, like a petition for a writ of habeas corpus * * *, is not a proceeding in the original criminal prosecution but an independent civil suit."

This court followed Heflin in Hixon v. United States, 10 Cir., 268 F.2d 667, 668, and said that a § 2255 application was "an independent civil suit."[10] Heflin and Hixon each involved the time within which a notice of appeal from an order deciding a § 2255 application must be made. As § 2255 provides that an appeal may be taken "as from a final judgment on application for a writ of habeas corpus," those cases did not involve the issue of whether a § 2255 application must be docketed as a new civil suit and the docket fee paid or permission granted to proceed in forma pauperis.

No doubt the prime purpose of § 2255 was to provide a method whereby the validity of a sentence would be determined by the court which imposed the sentence rather than by a court in the district where the defendant was confined. The desirability of such procedure is apparent. The sentencing court is familiar with the case. The court in the district of confinement is unfamiliar with cases in which sentences have been imposed by other courts. The production of files, records, and witnesses is more convenient in the sentencing court. The court which heard the case and gave judgment thereon should have the opportunity and responsibility of hearing and determining attacks against the judgment.

The attainment of these objectives is not hindered by a classification of the proceedings as a new and independent civil action, like a petition for habeas corpus, or as a step in the criminal proceedings like a writ of error coram nobis under the ruling in the Morgan case. In either event the scope of review and the relief which may be granted are the same. However, the classification must be made for the guidance of litigants and court clerks.

The holding of this circuit in Hixon that an application under § 2255 is an independent civil suit finds support in other circuits.[11] It conforms with the statements in the Hayman and Heflin

mon law writs of coram nobis and habeas corpus, and to the extent applicable, to supplant them."

8. Mercado v. United States, 1 Cir., 183 F. 2d 486, 487.

9. Simmons v. United States, 10 Cir., 230 F.2d 73, 74, certiorari denied 351 U.S. 927, 76 S.Ct. 784, 100 L.Ed. 1457. The same or similar statements are found in Osborne v. Looney, 10 Cir., 221 F.2d 254, 255; Butler v. Looney, 10 Cir., 219 F. 2d 146, 147; Smith v. United States, 10 Cir., 205 F.2d 768, 770; and Snell v. United States, 10 Cir., 174 F.2d 580, 582.

10. Hixon was followed by Hoover v. United States, 10 Cir., 268 F.2d 787, decided by another panel of the court, in which it is said that the appeal time for an order

under § 2255 is governed by the civil rules.

11. See United States v. Stevens, 3 Cir., 224 F.2d 866, 868 (the beginning of a new proceeding); Estep v. United States, 5 Cir., 251 F.2d 579, 581 (a civil proceeding); United States v. Williamson, 5 Cir., 255 F.2d 512, 515, certiorari denied 358 U.S. 941, 79 S.Ct. 348, 3 L.Ed.2d 349 (a civil matter rather than criminal); Chapman v. United States, 6 Cir., 247 F.2d 879, 881, certiorari denied 356 U.S. 945, 78 S.Ct. 791, 2 L.Ed.2d 820, (an independent and collateral attack); United States v. Caufield, 7 Cir., 207 F.2d 278, 280 (not a part of an original action but an independent and collateral inquiry); Taylor v. United States, 8 Cir., 229 F. 2d 826, 832, certiorari denied 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500 (a

decisions which are most persuasive even though they may be dicta and it does not conflict with the rule announced in United States v. Morgan. In our opinion an application under § 2255 is a new and independent civil proceeding for which the clerk of a district court must collect a docket fee or permission to proceed in forma pauperis must be granted.

 Counsel for Martin insists that, if a docket fee must be paid, the amount is $5 rather than $15 and bases his contention on the exception contained in 28 U.S.C. § 1914 [12] that in habeas corpus the fee is $5. This reads into § 1914 language which is not there. While an application under § 2255 may afford the same relief as that previously obtainable by habeas corpus, it is not a petition for a writ of habeas corpus. A change in § 1914 must come from Congress. As that section now reads the docket fee for an application under § 2255 is $15.[13]

 Martin argues that in any event he was wrongfully denied the right to proceed in forma pauperis. Here we are at a disadvantage because upon the denial of such right by the court, the clerk returned the papers to Martin and they are not in the record before us.

This practice is disapproved. Orderly procedure and the assurance of a proper court record for appeal or other appropriate purposes require that the clerk receive and retain such papers.[14] If the affidavit made satisfies the requirements of § 1915(a), the filing should be permitted. Thereafter, if the court determines that the allegation of poverty is untrue or that the action is frivolous or malicious, the court may dismiss the case in accordance with § 1915(d).

 In the state of the record before us it is impossible to determine whether the district court acted properly in denying leave to proceed in forma pauperis. Doubt has been expressed as to whether an order denying such leave is appealable.[15] In the circumstances we construe the action of the district court as tantamount to an adjudication on the merits and a dismissal of the case. Hence, an appeal lies.[16] This conforms with the admonition of the Supreme Court in the Morgan case that "federal courts should act in doing justice if the record makes plain a right to relief." [17]

The judgment is reversed. Upon remand the court shall receive and retain such application for relief under § 2255 and for permission to proceed under §

special civil rather than a criminal proceeding); Bruno v. United States, 86 U.S. App.D.C. 118, 180 F.2d 393, 395 (the beginning of a new proceeding independent of that in which the judgment it attacks was entered). Mercado v. United States, 1 Cir., 183 F.2d 486, 487, expressly leaves the point undecided.

12. This section reads: "The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $15, except that on application for a writ of habeas corpus the filing fee shall be $5."

13. At the March 16–17, 1959, special session of the Judicial Conference of the United States on the recommendation contained in the Joint Report of the Committee on Supporting Personnel and the Committee on Court Administration the Conference "directed the Adminis-

trative Office to instruct the clerks of the district courts, where necessary, to avoid the practice of taxing as costs in a criminal case the $15 filing fee provided for in a civil case by 28 U.S.C. 1914." We do not deem our conclusion to be contrary to the action of the Conference. We are concerned here with whether a docket fee is required. We are not concerned with the taxing of costs in the original criminal action.

14. Higgins v. Steele, 8 Cir., 195 F.2d 366, 369; United States ex rel. Morris v. Radio Station WENR, 7 Cir., 209 F.2d 105, 107.

15. See Watson v. Devlin, 6 Cir., 268 F.2d 211.

16. See United States ex rel. Morris v. Radio Station WENR, supra, 209 F.2d at page 107.

17. 346 U.S. 505, 74 S.Ct. 249.

1915(a) as is presented, shall determine whether the requirements of § 1915(a) have been satisfied, and shall take such further action as is consistent with the views herein expressed.