**Willie BROWN, Petitioner,**

v.

**UNITED STATES of America,**
**Respondent.**

**No. 60–193.**

United States District Court
D. Oregon.

May 17, 1960.

Willie Brown, petitioner, in pro. per.

EAST, District Judge.

It appears from petitioner's petition that he "is being held in confinement by Warden David M. Heritage, United States Penitentiary, McNeil Island, Washington."

It also appears from the record and files of this Court that one Willie Brown was, by judgment and commitment of this Court duly made and entered on January 29, 1959, in a cause then pending before this Court, entitled "United States of America, Plaintiff, vs. Willie Brown, Defendant, No. C–18676," having been theretofore "convicted upon his plea of guilty of the offense of unlawfully, knowingly, wilfully, feloniously and fraudulently receiving, concealing and facilitating the transportation and concealment of a certain quantity of heroin hydrochloride, which said drug had been unlawfully imported into the United States, the same being a second offense, as charged in Count IV of the Indictment herein, * * * committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of Fifteen Years."

It is averred in petitioner's petition, giving it its broadest interpretation, that at the time of petitioner's arrest in said criminal proceedings he was addicted to the use of narcotics and that such addiction was a mental illness. That petitioner's mental illness was the cause of his commission of the crime and that he was mentally incompetent at the time of the entry of his plea of guilty and that such mental incompetence was

then undisclosed. That, through ignorance and because he was in an unbalanced state, no issue of mental competency was raised, as "especially at the time of trial, if anything, his state was heightened by the state of withdrawal." In other words, petitioner's original drug-induced insanity and incompetency served not only to lead him afoul of the law, but also rendered him incompetent in his defense of himself.

The petitioner in his petition plainly states that he "does not seek remedy under Title 18 U.S.E. (sic) § 4244."

This Court will assume that the petitioner is now in the custody of the Warden as aforesaid, pursuant to the aforesaid judgment and commitment of this Court.

■ The petitioner does not allege in his petition, nor does an independent search of the records of this Court reveal, that the petitioner has heretofore sought relief from his conviction aforesaid upon the grounds averred pursuant to the provisions of Title 28 U.S.C.A. §

2255. Nor that this Court has heretofore denied petitioner such relief, nor that the remedies open to the petitioner by motions under the Acts of Congress are inadequate or ineffective to test the legality of his detention. Therefore, this Court is without jurisdiction to further entertain petitioner's application for a writ of habeas corpus herein, and the same should be dismissed.[1]

■ The Court will therefore consider the aforesaid petition of petitioner as a motion addressed to this Court for an order vacating the aforesaid judgment and commitment upon the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States * * *" all as provided for in Title 28 U.S.C.A. § 2255, supra.[2] It now appears to the Court that the petitioner has ample remedy for the relief sought pursuant to Title 18 U.S.C.A. § 4245.[3]

Therefore, this Court is without jurisdiction to further proceed upon petitioner's motion aforesaid and that said motion and petitioner's causes herein

1. "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for such relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. June 25, 1948, c. 646, 62 Stat. 967; May 24, 1949, c. 139, § 114, 63 Stat. 105."

2. "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time."

3. "Whenever the Director of the Bureau of Prisons shall certify that a person convicted of an offense against (upon his motion or application therefor) the United States has been examined by the board of examiners referred to in Title 18, United States Code, section 4241, and that * * * such person was mentally incompetent at the time of his trial, provided the issue of mental competency was not raised and determined before or during said trial, the Attorney General shall transmit the report of the board of examiners and the certificate of the Director of the Bureau of Prisons to the clerk of the district court wherein the conviction was had. Whereupon the court shall hold a hearing to determine the mental competency of the accused in accordance with the provisions of section 4244 above, and with all the powers therein granted. In such hearing the certificate of the Director of the Bureau of Prisons shall be prima facie evidence of the facts and conclusions certified therein. If the court shall find that the accused was mentally incompetent at the time of his trial, the court shall vacate the judgment of conviction and grant a new trial." (Parenthetical phrase supplied.)

should be dismissed, without prejudice to petitioner to renew his motion if the procedure under Title 18 U.S.C.A. § 4245, fails to provide an adequate remedy for ascertaining the mental condition of appellant at the time of his trial.[4]

---

4. Gordon v. United States, 10 Cir., 1957, 250 F.2d 676; Davis v. United States, 6 Cir., 1959, 270 F.2d 177, certiorari denied 1959, 361 U.S. 852, 80 S.Ct. 113, 4 L.Ed.2d 91; United States v. Fooks, D.C.D.C.1955, 132 F.Supp. 533. For discussion of the Constitutionality of Title 18 U.S.C.A. § 4245, see Greenwood v. United States, 1956, 350 U.S. 366, 76 S. Ct. 410, 100 L.Ed. 412.