Willie BROWN, Petitioner,

v.

UNITED STATES of America,
Respondent.

UNITED STATES of America

v.

Willie BROWN, Defendant.

Civ. No. 60–193; Cr. No. 18676.

United States District Court
D. Oregon.

June 21, 1960.

No counsel appointed or retained for Brown, petitioner.

C. E. Luckey, U. S. Atty., and Robert C. Snashall, Asst. U. S. Atty., Portland, Or., for the United States.

EAST, District Judge.

This matter came on for hearing upon the following:

1) Petitioner's motion for leave to proceed herein in forma pauperis;

2) Petitioner's motion for a writ of habeas corpus ad testificandum, commanding the United States Marshal to henceforth take the body of Willie Brown before the Bar of this Court for the purpose of testifying in his own behalf; and

3) Said Petitioner's petition for a writ of habeas corpus seeking to be heard upon his contention that the sentence of imprisonment heretofore entered by this Court in the proceedings had on January 29, 1959, in the cause then pending, entitled "United States of America v. Willie Brown, Defendant, No. C–18676" be set aside and that he be granted a trial herein upon the merits of his mental competency at the time of the entry of his plea of guilty and conviction aforesaid, and the Court being now advised;

It Is Hereby Considered, Adjudged and Ordered that:

1) The aforesaid motion for leave to proceed in forma pauperis is moot for the reason that said Petitioner has heretofore been permitted to proceed in these proceedings in forma pauperis;

2) Petitioner's motion for a writ of habeas corpus ad testificandum be and the same is hereby denied; and

3) Petitioner's petition for a writ of habeas corpus ad testificandum for relief from his sentence as aforesaid be denied and that said petition be considered and treated as Petitioner's amended motion addressed to this Court in the aforesaid criminal proceedings No. C–18676 for an order vacating the aforesaid judgment and commitment on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States," all as provided for in Title 28 U.S.C.A. § 2255, and that for the reasons set forth in this Court's memorandum filed in the above-entitled civil cause on May 17, 1960, 184 F.Supp. 63 (which is hereby adopted as the opinion and conclusion of this Court in connection with the aforesaid amended motion in criminal matter No. C–18676), is denied, and that said amended motion and Petitioner's causes herein should be dismissed without prejudice to Petitioner to renew his motion in criminal mat-

ter No. C–18676 aforesaid if the procedure under Title 18 U.S.C.A. § 4245 fails to provide an adequate remedy for ascertaining the mental condition or competency of the Petitioner at the time of the trial.