Willie BROWN, Petitioner,

v.

UNITED STATES of America, Respondent.

UNITED STATES of America

v.

Willie BROWN, Defendant.

Civ. No. 60–193; Cr. No. C–18676.

United States District Court
D. Oregon.

Aug. 5, 1960.

No counsel appointed or retained for Brown, petitioner.

C. E. Luckey, U. S. Atty., and Robert C. Snashall, Asst. U. S. Atty., Portland, Or., for the United States.

EAST, District Judge.

This matter came on for hearing upon a document submitted by the Petitioner entitled "An Application for Writ of Title 28 U.S.C. § 2255 to Vacate and Set Aside Judgment Herein," directed by the Court to be filed on July 11, 1960, in the above captioned civil matter.

■ The Court will treat this Application as an amendment or supplement to the Petitioner's [1] original petition for a writ of habeas corpus filed on May 10, 1960, and denied by order dated May 17, 1960, D.C., 184 F.Supp. 63, 65, and Petitioner's second Application filed herein on June 13, 1960, and denied by order dated June 21, 1960,[2] D.C., 186 F.Supp.

1. Appearing in propria persona and in forma pauperis by leave of Court.

2. At the time of entry of the order on June 21, 1960, the Court was under the impression that:

"The legislative purpose in the enactment of the statute (Section 2255, Title 28 U.S.C.A.) was to provide that the attack upon a judgment which previously might have been made in a (independent civil) proceeding in habeas corpus should

be made by motion filed in the criminal case, * * *." Simmons v. United States, 10 Cir., 1956, 230 F.2d 73, 74, certiorari denied 351 U.S. 927, 76 S.Ct. 784, 100 L.Ed. 1457.

Or, put another way:

"Section 2255 was designed to supplant the remedy of habeas corpus (and writ of error coram nobis) and to provide for the same relief by filing a motion in the action in which the (judg-

409, and entered in each of the above captioned matters. However, each of said orders provided that said applications

"* * * should be dismissed, without prejudice to petitioner to renew his motion (treated as a motion to vacate his judgment of conviction under § 2255 Title 28 U.S.C.A.) if the procedure under Title 18 U.S.C.A. § 4245,[3] fails to provide an adequate remedy for ascertaining the mental condition or capacity of the petitioner at the time of trial."

It now appears to the Court:

That the Petitioner in his original Application for a writ of habeas corpus, and again in the petition filed herein on June 13, 1960, contended, in effect, that because of his alleged drug addiction:

(a) his mental illness caused the commission of the crime charged (possession of heroin); and

(b) he was not competent mentally at the time of his plea and sentence.

■ However, in his latest petition, the Petitioner has abandoned contention (b) above and now contends:

"Petitioner's mental illness, which is drug addiction *caused the crime* charged in the indictment yet petitioner pleaded guilty only because he was not aware that his mental illness, which said illness caused the crime, would exclude him from criminal responsibility by the recent ruling of Durham v. United States ([94 U.S.App.D.C. 228] 214 F.2d 862).

"Petitioner contends that 18 U.S.C. § 4245 is inadequate to ascertain whether his mental illness, which is drug addiction, caused the crime. § 4245 clearly states that said statute is for the determination of questions concerning mental competence

---

ment of conviction) was rendered." Osborne v. Looney, 10 Cir., 1955, 221 F.2d 254, 255. Reviser's Note § 2255; Smith v. United States, 10 Cir., 1953, 205 F.2d 768, 770.
However, it was later held that:
"* * * an application under § 2255 is a new and independent civil proceeding for which the clerk of a district court must collect a docket fee or permission to proceed in forma pauperis must be granted." (See Clerks Manual, Transmittal Sheet No. 10, May 5, 1960, issued by the Administrative Office of the United States Courts, requiring the clerks to charge a $15 filing fee on the filing of motions attacking sentences under § 2255).
"* * * classification of the proceedings [(a) as a new and independent civil action, like a petition for habeas corpus, from (b) a step in the criminal proceedings, like a writ of error coram nobis] must be made for the guidance of litigants and court clerks." Martin v. United States, 10 Cir., 1960, 273 F.2d 775, 777-778.
This Court now bows to the holding of Martin and the dicta of Heflin v. United States, 358 U.S. 415, 418, n. 7, 79 S.Ct. 451, 3 L.Ed.2d 407; however, with the firm conviction that the rationale of Martin in overriding the obvious legislative intent and prime purpose of § 2255 for administration expediency over considerations of matters of sub-

stantive rights is untenable and therefore short-lived. This rationale would take away the Constitutional rights—right to be represented by counsel, right against absent witnesses testifying by deposition, right to remain silent, and protection against discovery proceedings allowable against a party to a civil action—to name a few, of a defendant in a criminal proceedings, and would in turn give only the previous rights of a petitioner in a "civil action" for a writ of habeas corpus.
Why should a prisoner in custody be allowed to reappear in the criminal proceedings resulting in his judgment of conviction and file as a matter of right a motion to "correct an illegal sentence at any time," pursuant to Rule 35, F.R. Crim.P. 18 U.S.C. and, on the other hand, be compelled to pay a docket fee or swear poverty and beg leave to file "a motion for such relief * * * (from a violation of Constitutional rights) at any time" pursuant to § 2255, in a separate and alien-to-the-judgment-of-conviction-proceedings civil action?

3. Procedure under Title 18 U.S.C.A. § 4245 is preliminary, administrative and evidentiary aid to a judicial hearing on the merits, as contemplated and demanded by Bishop v. United States, supra; Norman v. United States, 9 Cir., 1960, 276 F.2d 377; see also Davis v. United States, 6 Cir., 1959, 270 F.2d 177, cited in Court's opinion of May 17, 1960.

at the time of trial. Petitioner does not contend that he was insane at the time of trial, but that his mental illness, which is drug addiction, caused the crime. Durham v. United States."

Now, dealing directly with this contention of mental illness at the time of the commission of the alleged crime, this Court concludes that:

" * * * insanity at the time of the commission of the crime, which would be a defense to the indictment * * * is not the burden of the motion to vacate. The issue of insanity as a defense is presentable upon the trial and appealable if error has been made in respect to it, and a motion to vacate (Title 28 U. S.C.A.) under Section 2255 cannot be used as a substitute for an appeal.[4] Therefore an alleged insanity at the time of the commission of a crime cannot be used as a basis for a motion under Section 2255." [5] Bishop v. United States, 1955, 96 U. S.App.D.C. 117, 223 F.2d 582, 584.[6]

Therefore, the Petitioner's application filed herein on July 11, 1960, should be denied.

It is further concluded that a signed duplicate of this opinion and order should be filed in the above entitled criminal proceedings, being the criminal proceedings resulting in the judgment of conviction of which the Petitioner complains, so that appeal time in the two causes shall be concurrent and that the two causes should be consolidated as to further proceedings.

It is so ordered.

4. Smith v. United States, 1950, 88 U.S. App.D.C. 187 F.2d 192, certiorari denied, 1951, 341 U.S. 927, 71 S.Ct. 792, 95 L.Ed. 1358.

5. See Hahn v. United States, 10 Cir., 1949, 178 F.2d 11; Whelchel v. McDonald, 5 Cir., 1949, 176 F.2d 260; Byrd v. Pescor, 8 Cir., 1947, 163 F.2d 775, certiorari denied, 1948, 333 U.S. 846, 68 S.Ct. 648, 92 L.Ed. 1129; Rolfe v. Lloyd, 9 Cir., 1939, 102 F.2d 606; Hall v. Johnston, 9 Cir., 1936, 86 F.2d 820; Whitney v. Zerbst, 10 Cir., 1933, 62 F.2d 970; Fenton v. Aderhold, 5 Cir., 1930, 44 F.2d 787.

6. Bishop contended:
"(2) That the defense of insanity was not raised at the trial and that he was of unsound mind at the time of trial; * * *"
The Court of Appeals denied relief from this entire contention [(1) time of commission of offense, and (2) time of trial] and the Supreme Court reversed, 1956, 350 U.S. 961, 76 S.Ct. 440, 100 L. Ed. 835.
"The judgment is vacated and the case is remanded to the District Court for a hearing on the sanity of the petitioner *at the time of his trial.*" [Italics supplied.]