George F. MARTIN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6414.

United States Court of Appeals
Tenth Circuit.

Nov. 16, 1960.

Rehearing Denied Dec. 9, 1960.

Jerry L. Smith, Denver, Colo., for appellant.

Erwin A. Cook, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., was with him on the brief), for United States.

Before MURRAH, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from the judgment of the District Court denying appellant's motion under § 2255 to vacate or modify a judgment and sentence charging the violation of the mail fraud statute. 18 U.S.C. § 1341. The background for the appeal is found in Martin v. United States, 10 Cir., 263 F.2d 516; 10 Cir., 273 F.2d 775.

 The appellant first attacks the validity of the indictment for failure to state an offense under the mail fraud statute, the gist of which is (1) devising a scheme or artifice to defraud; and (2) the placing or causing to be placed in the post office establishment of the United States any letter, postcard, etc., for the purpose of effecting or carrying out

the scheme. Webb v. United States, 10 Cir., 191 F.2d 512.

The indictment charged that the petitioner and another devised and intended to devise a scheme and artifice to defraud certain persons dealing in oil and gas leases and mineral deeds; and "to obtain money by the means of false and fraudulent pretenses, representations and promises, well knowing at the time that the pretenses, representations and promises would be false when made; that oil and gas lease and mineral deeds offered for sale were represented as having been transferred and sold from the owners of record to the false and fictitious name of person used, but that in each instance the name of the true owner was in fact a forgery and negotiated without the knowledge or consent of the owner of record." The second paragraph of the indictment specifically charged the use of the mails in the execution of the aforesaid scheme and artifice. The second count of the indictment reiterated the allegation in the first paragraph of the first count of the indictment and charged another and separate use of the mails in furtherance of the alleged scheme.

The test of sufficiency on motion to vacate under § 2255 is whether the indictment, when given a practical common-sense construction, can be reasonably said to inform the defendant of the charge against him, so that he can prepare his defense thereto and plead the judgment as a bar to further proceedings against him for the same offense. Marteney v. United States, 10 Cir., 216 F.2d 760; Braswell v. United States, 10 Cir., 224 F.2d 706.

The indictment was in substantially the language of the statute with sufficient particularization to inform the defendant of the nature of the offense against him, and to enable him to prepare his defense and to plead it in bar of further prosecution. It followed the suggested form 3 in the Appendices of Forms following the Federal Rules of Criminal Procedure, and it was not fatally defective. 18 U.S.C., F.R.Cr.P.App. Form 3.

The court imposed a sentence of five years on "each two counts of the indictment * * *," and ordered the sentences to run "consecutively (total ten years), and said sentences shall run consecutively with the sentence defendant is now serving * * *." The contention is that the use of the words "consecutively with" does not indicate with sufficient clarity that the sentences imposed are to be served consecutively to the sentence he was serving at the time of the imposition of these sentences. The same contention with respect to the meaning of these critical words was made in Hiatt v. Ellis, 5 Cir., 192 F.2d 119, 120, and Fulton v. United States, 5 Cir., 250 F.2d 281. In the Hiatt case, the Fifth Circuit thought that "it would be difficult to choose two words better able than the words employed here to put in brief compass the idea of cumulative service, the service of one sentence following in the train of, succeeding, the other sentence referred to." And, we agree that the language clearly and unmistakably indicates an intention that the sentences shall be served consecutively.

The petitioner also complains of the failure of the trial court to consider his motion to disqualify himself from further consideration of the case after having denied petitioner's motions, resulting in the previous appeal in 273 F.2d 775. It is sufficient to say that in the first place, the motion does not comply with the statutory requirements for the disqualification of a trial judge. See 28 U.S.C. § 144; Skirvin v. Mesta, 10 Cir., 141 F.2d 668; Scott v. Beams, 10 Cir., 122 F.2d 777. But even so, the adverse rulings of the court are not legal grounds for disqualification. See Palmer v. United States, 10 Cir., 249 F.2d 8.

The record shows that the petitioner appeared in court represented by counsel of his own choice and entered a plea of guilty after having first pleaded not

152

guilty. Upon entry of the guilty plea through his attorney, and at the suggestion of the United States Attorney, the petitioner was asked by the court whether "Any offer of any condition or any statement had been made to you to change your plea?" The defendant answered for himself, "No, sir." Pursuant to hearing on this motion, the court specifically found that petitioner at no time received any promise or representations concerning the sentence which the court might impose in the event he pleaded guilty; and that he. did knowingly, intelligently and voluntarily enter his plea of guilty to each count in the indictment.

It follows that the judgment of the trial court should be affirmed.