**William Reese JOHNSTON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 6908.**

United States Court of Appeals
Tenth Circuit.

April 24, 1962.

344

No appearance for appellant.

R. Stanley Ditus, Larned, Kan. (Newell A. George, U. S. Atty., and Benjamin E. Franklin, Asst. U. S. Atty., were on the brief), for appellee.

Before PICKETT, LEWIS and BREIT-ENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

Appellant is presently imprisoned under sentence imposed by the District Court for the District of Kansas after conviction for robbery in violation of 18 U.S.C.A. § 2113. By motion filed under 28 U.S.C.A. § 2255 he seeks vacation of sentence alleging that the sentencing court denied him the right of allocution in violation of Rule 32(a), Fed.Rules of Crim.Proc., 18 U.S.C.A. The motion is one of many post-trial motions filed by appellant several of which have reached this court. Johnston v. United States, 260 F.2d 345; Johnston v. United States, 292 F.2d 51, cert. den. 368 U.S. 906, 82 S.Ct. 186, 7 L.Ed.2d 100. The trial court considered the present motion as presenting a new issue but refused relief.

Appellant was tried together with a co-defendant, one Riley, and each was represented by the same attorney. The transcript of proceedings indicates that the following transpired at the time sentence was imposed:

"The Court: The defendants will stand for sentence at this time. I'll make this inquiry: Is there any reason why sentence should not be imposed at this time that either one of you have to present?

"Mr. Cook (counsel): I would like to make a brief statement before sentence.

"The Court: This question doesn't involve that. This involves a legal question. Now then, I'll hear you on mitigation of the sentence, if you want to be heard. You may be seated while he's presenting this."

Failure to follow the formal requirements of Rule 32(a) is not of itself an error that can be raised by collateral attack under 28 U.S.C.A. § 2255 although aggravating circumstances may indicate the denial of a right surpassing formal error. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417. Here it seems clear that the question posed by the trial court was unambiguously addressed to the defendants and in this regard meets the requisite suggested by Mr. Justice Frankfurter speaking for a divided court in Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670.

It is also clear that the court's question was intended to reach a legal right peculiar to the defendants personally and so presents a stronger procedural background than that considered to be sufficient compliance with Rule 32(a) by the Supreme Court in Green and by the Second Circuit in interpreting Green in United States v. Miller, 293 F.2d 697.

We hold that appellant was not denied due process and was granted an opportunity to address the court in his own behalf. The trial court properly refused to vacate the sentence.

Affirmed.