George F. MARTIN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7082.

United States Court of Appeals
Tenth Circuit.

Sept. 27, 1962.

Rehearing Denied Nov. 2, 1962.

James C. Gibbens, Oklahoma City, Okl.
(Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson and Arnold D. Fagin, Oklahoma City, Okl., were with him on the brief), for appellant.

Jack R. Parr, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., was with him on the brief), for appellee.

Before PHILLIPS, PICKETT and HILL, Circuit Judges.

HILL, Circuit Judge.

On April 19, 1955, in a criminal case and after a plea of guilty, appellant appeared with retained counsel in the court below for sentencing. Before imposing sentence, the trial judge inquired of counsel, "All right. Do you have anything to say, Mr. Kimmel, before the Court sentences this man?" Counsel thereupon made a lengthy statement on behalf of his client in mitigation of punishment. The judge then for a second time inquired, "Have you anything further to say, Mr. Kimmel, before the Court sentences this man?" Kimmel replied, "I believe not, your Honor please." The court then read the prior record of the defendant and pronounced sentence, after which, the defendant stated: "Thank you your Honor. Judge, may I say something?" The Judge replied, "No, not now."

An untimely appeal from the judgment of conviction was dismissed by this court.[1] Thereafter, during the year 1960, on grounds other than those considered here, appellant, in a proceeding under 28 U.S.C.A. § 2255, failed to set aside the sentence pronounced.[2]

This proceeding commenced in the court below, also under § 2255, raises the question of the effect of the failure of the sentencing court to grant the defendant his right of allocution under Rule 32(a) of the F.R.Crim.P., 18 U.S.C.A.[3]

1. Martin v. United States, 10 Cir., 263 F.2d 516.

2. Martin v. United States, 10 Cir., 285 F.2d 150, cert. denied. 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 816.

3. In pertinent part the Rule provides: " * * * Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

The failure of a sentencing judge to follow the command of Rule 32(a) is error. Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670; Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417. In Hill the court said:

" * * * It is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. It does not present 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'"

This court, citing Hill, in Johnston v. United States, 10 Cir., 303 F.2d 343, 344, said:

"Failure to follow the formal requirements of Rule 32(a) is not of itself an error that can be raised by collateral attack under 28 U.S.C.A. § 2255 although aggravating circumstances may indicate the denial of a right surpassing formal error. * * *"

See also Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 and United States v. Donovan, 2 Cir., 301 F.2d 376.

Therefore, we have the narrow question of whether this case presents exceptional circumstances so as to take it outside of the rule laid down in the Hill case. Certainly, no such circumstances are shown up to the point of imposition of sentence, and only the express request, made by defendant immediately after sentence, can be relied upon to create such exceptional circumstances.

In this connection it should be noted that upon the filing of the first motion by Martin under § 2255, the sentencing judge had him brought into court and a formal hearing was held. A prominent and very able member of the bar was appointed to represent him. Although Martin took the witness stand at that hearing in support of his claims and testified to the matters he had been refused the opportunity to relate to the court at the time of sentence,[4] no change or modification in the sentence was made. From this fact, it must be assumed that had Martin been given the right to speak before sentence as Rule 32(a) directs, or after sentence, as he requested, and at either time had stated to the sentencing judge what he testified to during the 1960 hearing, it would have had no effect upon the sentence determined by the judge to be appropriate. He has been granted every opportunity to attack the judgment of conviction and sentence in a legal manner without success. Moreover, the lower court in this matter would have been entirely justified in refusing to hear and entertain the present motion as Martin made no showing of a sufficient reason for failure to pursue the grounds of this motion in his first proceeding. United States v. Jones, 194 F.Supp. 421 (D.C.Kan.1961), aff'd per curiam, 10 Cir., 297 F.2d 835.

We hold that this case does not present such exceptional or aggravating circumstances as will take it outside of the rule laid down in Hill v. United States, supra.

In the present motion under consideration, as filed in the court below, Martin alleges other grounds for relief and we have given consideration to all of the points therein raised. We find those other questions to have been decided in the prior appeal and to be without merit.

Affirmed.

4. At the conclusion of his testimony and upon cross-examination, Martin further testified:

"Q. Now at the time of your sentencing, when you received the ten year sentence consecutive to the five years which you were then serving from the Mann Act Violation in Tulsa, would you have told the Court on that date the same thing you have told the Court today?

"A. Sir?

"Q. Would you have told the Court on that date the same thing which you would have told the Court today?

"A. Yes, sir."