**William Reese JOHNSTON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7647.**

United States Court of Appeals
Tenth Circuit.

May 22, 1964.

Arthur Harold Downey, Denver, Colo. (Monte B. Roberts, Jr., Denver, Colo., on the brief), for appellant.

Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., was with him on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

PER CURIAM.

Appellant filed a motion with the District Court for the District of Kansas under Rule 35 of the Federal Rules of Criminal Procedure and under § 2255 of Title 28 U.S.C. Under his motion appellant urges that the evidence at the trial was insufficient to prove all of the elements of the offenses charged; that the instructions given by the court were not given separately on each of the two indictments which had been consolidated for trial; and that the court submitted improper forms to be used by the jury in returning a verdict.

The District Court denied appellant's motion without a hearing stating that no factual issue was present which required a hearing, and the files and records showed conclusively that the appellant was not entitled to relief. The trial court stated that neither Rule 35 nor § 2255 could serve as an appeal. The appellant has taken this.

Appellant and another accused were indicted in two separate indictments charging two separate robberies of the same Kansas bank. One robbery took place on August 20, 1957, and the second on September 25, 1957. The appellant was tried by a jury and found guilty under each indictment, and was sentenced to fifteen years on each of the two charges, the sentences to run consecutively. Appellant then appealed to this court from the guilty verdict, and the appeal is reported in Johnston v. United States, 10 Cir., 260 F.2d 345, cert. den. 360 U.S. 935, 80 S.Ct. 1454, 4 L.Ed.2d 1547.

Appellant thereafter in utilizing his post-conviction remedies to attack the sentence and convictions filed the following motions: A motion for reduction of sentence under Rule 35 was denied. Appellant then filed a motion under 28 U.S.C. § 2255, urging that the judge presiding at the trial had not been properly designated to try the case. This motion was overruled. A second motion under § 2255 was then filed by the appellant on the ground that he was mentally incompetent to assist in his defense. Detailed hearings were had and this motion was denied. This action was affirmed in Johnston v. United States, 10 Cir., 292 F.2d 51. Appellant filed a third motion to vacate under § 2255 on the ground that he was denied the right of allocution. This was denied and appeal was taken, which is reported in Johnston v. United States, 10 Cir., 303 F.2d 343. Thereafter the motion here concerned was filed and denied by the trial court.

As indicated above, two separate indictments for the two separate robberies of the same bank were consolidated for trial. The trial court gave one set of instructions. The appellant complains that thereby there was a failure to instruct as to one of the indictments, and that this may be raised in this motion under Rule 35 of the Federal Rules of Criminal Procedure as a complete lack of instructions. The matters which the appellant here raises as to the instructions and as to the sufficiency of the evidence are those which are raised upon a direct appeal and must be so raised. Curry v. United States, 292 F.2d 576 (10th Cir.). The Supreme Court has stated in Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417, that the function of Rule 35 is a narrow one to permit the correction of an illegal sentence, and not to permit a reexamination of errors occurring during the trial. The sufficiency of the evidence and the objections to the instructions raised by the appellant in the case at bar are not matters which bear on the legality of the sentence, but instead relate only to asserted errors which occurred during the course of the trial. Appellant's resourceful argument that there were no instructions at all on one indictment of the consolidated charges does not lead to a different conclusion. Such matters may not be raised by motion under Rule 35. As the trial court stated, a motion under Rule 35 cannot serve as an appeal. Willis v. United States, 289 F.2d 581 (8th Cir.), cert. den. 368 U.S. 856, 82 S.Ct. 93, 7 L.Ed.2d 53; Callanan v. United States,

274 F.2d 601 (8th Cir.), aff'd 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312; Funkhouser v. United States, 260 F.2d 86 (4th Cir.), cert. den. 358 U.S. 940, 79 S.Ct. 346, 3 L.Ed.2d 348.

■ The trial court was entirely proper in consolidating the two indictments at the trial and in giving one set of instructions. One of the indictments on which the appellant was charged, No. 10362, charged that the appellant in taking the stated sum of money from the bank did assault one Joyce Hutchinson by hitting her on the head with a gun and did put in jeopardy the lives of Thomas J. Lukomske, Ralph E. Dirksen, and Joyce Hutchinson by the use of dangerous weapons, to-wit, an automatic pistol and revolver. The indictment in No. 10363 charged that the lives of Ralph E. Dirksen, Thomas J. Lukomske, and Joyce Hutchinson were put in jeopardy by the use of dangerous weapons, to-wit, automatic pistols or revolvers. It was proper under these circumstances for the trial judge to give one set of instructions applicable to both of the indictments. The giving of but one set of instructions was not a failure to instruct the jury so as to render the guilty verdict on the second indictment a nullity, and thereby to render the sentence imposed thereunder illegal under Rule 35 as the appellant contends.

■ The trial court also properly held that a motion under § 2255 could not serve as an appeal. Carrillo v. United States, 332 F.2d 202, Tenth Circuit, May 1964; Emmett v. United States, 262 F.2d 70 (10th Cir.); Gaitan v. United States, 317 F.2d 494 (10th Cir.); Fennell v. United States, 313 F.2d 941 (10th Cir.).

■ There were no factual issues raised by the appellant's motion under § 2255, and the trial court was correct in denying the motion without a hearing. As contemplated in 28 U.S.C.A. § 2255, this is a case where the files and records conclusively show that the appellant is entitled to no relief.

Affirmed.