**Carl CLOSE**

v.

**UNITED STATES of America.**

Civ. No. 21211.

United States District Court
D. Maryland.

Sept. 18, 1969.

Robert Joyner White, Administrative Assistant, Legal Assistance for Inmates Program, Atlanta, Ga., amicus curiae, for plaintiff.

MEMORANDUM AND ORDER

THOMSEN, Chief Judge.

Carl Close, a prisoner in the Atlanta Penitentiary, seeks to file *in forma pauperis* a motion under 28 U.S.C.A. § 2255 to vacate the sentence imposed on him by

this Court. The Clerk has questioned Close's right to file *in forma pauperis*, and has notified him that he must pay the $15 filing fee, required by 28 U.S.C.A. § 1914, because Close has $121 in his commissary account at the institution.

A representative of the Legal Assistance for Inmates Program of the Emory University School of Law has challenged the Clerk's requirement and has filed a memorandum, arguing (1) that Close is entitled to file *in forma pauperis*, and (2) if not, that the filing fee should be $5, the amount required by section 1914 for filing a petition for a writ of habeas corpus.

1. The practice in this circuit as well as throughout the country varies from court to court and sometimes from judge to judge on the question who may file *in forma pauperis*. The judges of this Court have adopted a uniform policy that a prisoner who seeks to file *in forma pauperis* a motion under section 2255 or a petition for a writ of habeas corpus will be allowed to do so if, after paying the required fee, he will not have at least $25 free money remaining in his institutional account. If more than $25 free money will remain in the account, the prisoner, whether federal or state, is required to pay the specified filing fee. This policy was adopted by the Court because of the large number of patently frivolous motions and petitions which are filed by prisoners and to impress upon the applicants the fact that the filing of such proceedings is a serious matter.

The Judges of this Court believe that the practice throughout the circuit and throughout the country should be uniform, and would welcome a declaration of the proper policy by the Judicial Conference of the United States or by the Judicial Conference of this Circuit. Until then, we adhere to our present policy, stated above and embodied in our instructions to our Clerk.

In the instant case the institution requires that $100 of the inmate's account be impounded or earmarked, so that he will have some money available upon his release. Such funds may be released, however, if required for the payment of costs. We are heartily in accord with the practice of accumulating such a fund, and consider $100 of the $121 now in Close's institutional account as not being free money within the meaning of our rule. So, because Close would not have $25 free money after paying a filing fee, he will be allowed to file his motion *in forma pauperis*.

2. With respect to the amount of the filing fee charged for motions under section 2255, the applicable statute is 28 U.S.C.A. § 1914, which provides in pertinent part:

"(a) The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $15, except that on application for a writ of habeas corpus the filing fee shall be $5."

Martin v. United States, 273 F.2d 775 (10 Cir. 1960), is the only case brought to our attention in which the precise question was considered. That Court said:

"Counsel for Martin insists that, if a docket fee must be paid, the amount is $5 rather than $15 and bases his contention on the exception contained in 28 U.S.C. § 1914 that in habeas corpus the fee is $5. This reads into § 1914 language which is not there. While an application under § 2255 may afford the same relief as that previously obtainable by habeas corpus, it is not a petition for a writ of habeas corpus. A change in § 1914 must come from Congress. As that section now reads the docket fee for an application under § 2255 is $15." 273 F.2d at 778.

Since that decision the Clerk's Manual issued by the Administrative Office of the United States Courts has contained

the following provision, in paragraph 12.-16:

"a. *Filing fees on motion attacking sentence under 28 U.S.C. 2255*

"As in the case of any other civil action, the clerk is required under 28 U.S.C. 1914 to charge a $15 filing fee of one instituting a Section 2255 action. This is so whether the motion to vacate sentence is filed in the original criminal docket (which is frequently done for convenience), or in the civil docket."

■ A motion under section 2255 serves essentially the same function as a petition for a writ of habeas corpus. Adkins v. du Pont, 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948); United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1951); Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed. 2d 148 (1963). There is no reason except the statute, 28 U.S.C.A. § 1914, for charging a different filing fee. Some appropriate committee of the Judicial Conference should consider the advisability of suggesting an amendment to section 1914. But this Court cannot say that the application of the statute is unconstitutional.

Leave to file the motion *in forma pauperis* is hereby granted.