Bernard S. Meyer, J.
This declaratory judgment action is brought by a probation officer employed by the county for judgment declaring the invalidity of a departmental regulation against the wearing of a beard and for a permanent injunction. The instant motion seeks a preliminary injunction. The motion is granted.
The moving papers allege and the answering papers do not deny that plaintiff was told on Friday, April 10, 1970 that he must shave his beard and that if he had not by Monday, April 13, *854 1970, he would be suspended. Bunis v. Conway (17 A D 2d 207, 208-209, app. dsmd. 12 N Y 2d 882, 13 N Y 2d 1143) teaches that an action for declaratory judgment and an injunction may be had against the threat of enforcement “ even with respect to penal statutes and against a public official or public agency whose duty it is to conduct appropriate prosecutions, if the purpose be to avoid irreparable injury and if the sole question is one of law.” Since plaintiff supports his wife and six children, it is clear that suspension for refusal to ¡shave his beard will cause him irreparable injury (see Matter of Gould v. Looney, 60 Misc 2d 973, 978-979). Nor can it be said that there will not be such injury because he could in the interim shave the beard, for that is the very right, of claimed constitutional dimension, that he seeks to protect, and, if it be assumed that there is a right to balance against his constitutional right the needs of society (see Matter of Taxter v. Looney, Index No. 13898/69) nothing in the opposing papers sets forth the need which prompted the regulation in question, though the regulation itself is there set forth. Substantial justification for the limitation of personal freedom must be shown, Breen v. Kahl (419 F. 2d 1034, 1036) and when not shown a preliminary injunction should issue (Burnside v. Byars, 363 F. 2d 744).
Finally, while the ruling on this motion does not constitute a binding determination (Walker Mem. Baptist Church v. Saunders, 285 N. Y. 462, 474) it is necessary to note that the right to wear a beard is now sufficiently clear to warrant granting the injunction pendente lite requested (Forstner v. City and County of San Francisco, 243 Cal. App. 2d 625 [probation officer, beard]; Finot v. Pasadena City Bd. of Educ., 250 Cal. App. 2d 189, [teacher, beard]; Breen v. Kahl, 419 F. 2d 1034 [student, hair]; Braxton v. Board of Public Instruction of Duval County, 303 F. Supp. 956 [teacher, goatee]; Lucia v. Duggan, 303 F. Supp. 112 [teacher, beard]; Richards v. Thurston, 304 F. Supp. 449 [student, hair]; Griffin v. Tatum, 300 F. Supp. 60 [student, hair]; cf. Ferrell v. Dallas Independent School Dist., 392 F. 2d 697, and Crews v. Cloncs, 303 F. Supp. 1370, both involving student’s hair length but both distinguishable, and see Ann. 14 ALR 3d 1201). The court has not overlooked the contrary implications in Matter of Taxter v. Looney (supra) but distinguishes that decision because of the para-military nature of the police force.