Oral J. **WILKINSON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 6338.

United States Court of Appeals Tenth Circuit.

April 16, 1960.

Certiorari Denied June 20, 1960. See 80 S.Ct. 1600.

---

3. Cason v. Baskin, 155 Fla. 198, 20 So.2d 243, 168 A.L.R. 430, and note 446 et seq.

David K. Watkiss, Salt Lake City, Utah (Calvin L. Rampton, Salt Lake City, Utah, with him on the brief), for appellant.

William J. Adams, Asst. U. S. Atty., Salt Lake City, Utah (A. Pratt Kesler, U. S. Atty., Salt Lake City, Utah, with him on the brief), for appellee.

Before PICKETT and BREITEN-STEIN, Circuit Judges, and SAVAGE, District Judge.

PER CURIAM.

The United States moves to dismiss this appeal upon the ground that the notice of appeal was not filed within time. The defendant Wilkinson, after having been found guilty of income tax evasion in violation of Title 26, U.S.C.A., § 145 (b), (I.R.C.1939), and Title 26, § 7201, (I.R.C.1954), appeared before the United States District Court for the District of Utah for sentencing on January 4, 1960 and was sentenced to serve a term of 6 months and to pay total fines of $15,000. On January 6, 1960 the judgment and commitment was filed with the Clerk of the aforesaid court and was entered upon the docket January 7, 1960. A certified copy thereof was mailed to the attorney for the defendant and received in his office sometime during the work week of January 11–15, 1960. On January 21, 1960 notice of appeal was filed.

Rule 37(a)(2) of the Federal Rules of Criminal Procedure, 18 U.S. C.A., provides that a defendant may take an appeal within 10 days after entry of a judgment or order appealed from. It is conceded that the notice of appeal was not filed within 10 days from either the pronouncement of the sentence from the bench or from the formal entry of the judgment upon the docket. The law is well settled that the taking of an appeal within the prescribed time is mandatory and jurisdictional.[1] United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259; Martin v. United States, 10 Cir., 263 F.2d 516; Lujan v. United States, 10 Cir., 204 F.2d 171; Swihart v. United States, 10 Cir., 169 F.2d 808.

Defendant contends the phrase "entry of the judgment," contained in Rule 37, refers to the actual entry on the docket in the clerk's office, but he also urges that the time for appeal does not begin to run until the defendant has actual or constructive knowledge of the entry. The requirement that the defendant have knowledge is said to arise from the district court's procedural custom of mailing copies of formal judgments to

---

1. A notice of appeal filed out of time confers no jurisdiction on the appellate court.

defense attorneys. We hold that the running of the 10-day period for filing the notice of appeal is not delayed until the defendant is notified of the entry of the judgment in the clerk's records. The mailing of a copy of the judgment is not required by the rules,[2] and if the district judge requires such mailing, it is for the convenience of defendants and their attorneys. The Robinson case holds that a district judge is without jurisdiction to extend the statutory time for appeal. That case is controlling here.

Motion sustained.

---

2. Rule 49(c), Fed.Rules Crim.Proc., provides that upon the entry of an order made upon written motion after arraignment, the clerk shall immediately mail each affected party notice thereof. The rule does not require notice of the entry of a judgment and sentence.