Fred K. WAGONER, Jack R. Wagoner, Donald L. Wagoner and Howard R. Wagoner, co-partners doing business under the firm name and style of Wagoner Construction Company, Appellants,

v.

FAIRVIEW CONSOLIDATED SCHOOL DISTRICT NO. 5, George Sawhill, Charles Williams, 1st Doe and 2nd Doe, Appellees.

No. 6580.

United States Court of Appeals Tenth Circuit.

April 18, 1961.

————◆————

Isaac Willson, Denver, Colo. (Otis Babcock, Santa Ana, Cal., on brief), for appellants.

Roger E. Stevens and William A. Trine, Boulder, Colo. (Charles E. Williams, Boulder, Colo., on brief), for appellees.

Before MURRAH, Chief Judge, PICKETT, Circuit Judge, and SAVAGE, District Judge.

PER CURIAM.

The plaintiff-appellants are here seeking an appeal from the order of the District Court dismissing their complaints.

The record discloses that the court entered its order dismissing the actions on July 20, 1960. A motion for new trial was filed more than 10 days thereafter and overruled on the same date. The Clerk of the District Court received plaintiffs' notice of appeal on September 3, 1960, and more than 30 days from the date of the order of dismissal.

Rule 59(b), F.R.Civ.P. 28 U.S. C.A., states that "a motion for a new trial shall be served not later than 10 days after the entry of the judgment." And, Rule 73(a) states that a notice of appeal shall be filed within 30 days from the entry of the judgment or within 30 days from an order denying a motion for new trial. And, a timely notice of appeal is a jurisdictional prerequisite. Martin v. United States, 10 Cir., 263 F.2d 516; Lobato v. Pay Less Drug Stores, 10 Cir., 261 F.2d 406; Stone v. Wyoming Supreme Court, 10 Cir., 236 F.2d 275; Schlink v. C & O Ry. Co., 6 Cir., 276 F.2d 116. Here the notice of appeal was filed within 30 days from the denial of the motion for new trial, but since the motion for the new trial was untimely, it did not extend the time for taking the appeal. See 7 Moore's Federal Practice § 73.09 (4), p. 3142; Lujan v. United States, 10 Cir., 204 F.2d 171.

Apparently the plaintiffs did notify the District Court Clerk, prior to the expiration of the 10-day period, that it was their intention to file a motion for new trial. However, the motion was not filed within that period and an intention to file it is ineffectual to extend the time for appeal.

The appeal must therefore be dismissed for lack of jurisdiction.