Lowry Newton **KLINK**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 7053.

United States Court of Appeals Tenth Circuit.

Sept. 17, 1962.

Later Klink filed a motion for relief under 28 U.S.C. § 2255. That motion was denied on January 29, 1962. An application for leave to appeal in forma pauperis was filed on April 30, 1962 and denied. We granted the necessary permission to appeal and the government has moved to dismiss, on the ground that this Court has no jurisdiction because the appeal was filed out of time.

 If the appeal is from the denial of the motion for reduction of sentence, the Criminal Rules apply.[1] And, as no notice of appeal was filed within 10 days, we have no jurisdiction.[2] If the appeal is from the denial of relief under § 2255, the Civil Rules apply[3] and we have no jurisdiction because no notice of appeal was filed within 60 days.[4]

The appeal is dismissed.

Burton J. Johnson, Oklahoma City, Okl., for appellant.

L. K. Smith, Asst. U. S. Atty. (John M. Imel, U. S. Atty., was with him on the brief), for appellee.

Before LEWIS, BREITENSTEIN, and SETH, Circuit Judges.

PER CURIAM.

After waiving counsel and indictment, Appellant Klink pleaded guilty to a violation of 18 U.S.C. § 2312, and was sentenced to a 5-year term on December 14, 1961. The next day he was returned to Court and made an oral motion for reduction of sentence on the ground that a government agent told him he would receive leniency, if he pleaded guilty. After a hearing, the Court denied relief. Klink was aware of his right to appeal, but did not do so within the 10 days prescribed by Rule 37(a) (2), F.R.Crim. P., 18 U.S.C.

1. Rules 35 and 37(a), F.R.Crim.P.; Hixon v. United States, 10 Cir., 268 F.2d 667, 668.

2. Wilkinson v. United States, 10 Cir., 278 F.2d 604, 605, certiorari denied, 363 U.S. 829, 80 S.Ct. 1600, 4 L.Ed.2d 1524.

3. Rule 73, F.R.Civ.P. 28 U.S.C.A.; Hoover v. United States, 10 Cir., 268 F.2d 787, 788.

4. Wagoner v. Fairview Consolidated School District No. 5, 10 Cir., 289 F.2d 480, 481; Lobato v. Pay Less Drug Stores, Inc., 10 Cir., 261 F.2d 406, 408.