517 P.2d 1320

**Ewan L. VANJONORA, Plaintiff and Appellant,**

v.

**Harvey DRAPER et al., Defendants and Respondents.**

**No. 13313.**

Supreme Court of Utah.

Jan. 10, 1974.

Milton T. Harmon, Nephi, for plaintiff and appellant.

David P. Brown, Salt Lake City, for Draper and Draper.

Louis G. Tervort, Manti, for Eklund.

TUCKETT, Justice:

The plaintiff commenced this action in the District Court of Sanpete County to recover sums due on a promissory note, a contract and an open account. A complaint was filed in September, 1969. On September 22, 1969, the defendants answered and filed a counterclaim. Thereafter discovery proceedings were undertaken and motions were made for summary judgments. On October 29, 1971, a judgment was entered in favor of the plaintiff and thereafter an execution was issued and placed in the hands of the sheriff. On May 19, 1972, the court made and entered an order setting aside the judgment. During the pendency of the action and by stipulation of the parties the complaint was dismissed as to Bruce Draper. On May 4, 1972, the plaintiff's attorney withdrew and thereafter Milton T. Harmon appeared as counsel, and he has represented the plain-

tiff in all subsequent proceedings. During the year 1972, counsel for the defendants withdrew and David P. Brown entered his appearance on behalf of the Draper defendants, and Louis T. Tervort was substituted as counsel for Louis K. Eklund. It would appear from the file, which is now voluminous, that during the year 1972 offers and counteroffers were made between the parties to compromise and settle the case.

During the months of November and December, 1972, demand for trial was made on behalf of the defendants, and the matter was set for trial on December 7, 1972. On the date set for trial, counsel for the plaintiff appeared and requested a continuance, stating to the court that he had been unable after receiving notice of the trial setting to contact the plaintiff. At that time the defendants moved the court for an order dismissing the case for failure of the plaintiff to prosecute. The court continued the matter to December 21, and the court gave counsel until that date to submit authorities.

On December 21, 1972, the matter was again called up by the court at which time the court granted the motion of the defendants to dismiss for failure to prosecute. On December 21, 1972, the court made and entered an order of dismissal as to the defendant Harvey Draper. On December 29, 1972, the court signed an order dismissing the complaint as to the defend-

ant Louis K. Eklund, which order was filed with the clerk on January 10, 1973. Also on December 29, 1972, the court signed an order which recited "Defendants' motion to dismiss with prejudice is granted."

On January 4, 1973, the plaintiff moved for a new hearing and for a summary judgment which we construe as a motion for a new trial. The motion was filed with the clerk of the court on January 5, 1973. Thereafter the court on March 5, 1973, denied the motion as not being timely filed and that it did not comply with the requirements of Rule 59(b).

While these proceedings were commenced in 1969, a judgment was entered in October, 1971, which in the usual course of court proceedings would have terminated and resolved the issues raised by the pleadings had it not been set aside in May, 1972. This court only looks to the period after the judgment was set aside in its determination as to whether the trial court abused its discretion in ordering a dismissal for failure to prosecute. During the year 1972 there was a substitution of counsel for both the plaintiff and the defendants. The record would indicate that efforts were made to settle and compromise the case over a period until approximately November, 1972, at which time request was made by the defendants for a trial setting.

■■ We conclude that in view of the circumstances in this case the trial court

abused its discretion in ordering a dismissal for the plaintiff's failure to prosecute.[1] It would appear, however, that the plaintiff's motion for a new trial was not timely filed as to the dismissal in the case of the defendant Harvey Draper. The motion not being timely filed did not toll time for appeal in his case. As to the defendant Harvey Draper the appeal is dismissed.

The matter is remanded to the court below for further proceedings in conformity with this opinion. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

---

1. Crystal Lime & Cement Co. v. Robbins, 8 Utah 2d 389, 335 P.2d 624; Thompson Ditch Co. v. Jackson, 29 Utah 2d 259, 508 P.2d 528.