Maureen BURGERS and Donald and Blanche Kelly, Plaintiffs and Respondents,

v.

William MAIBEN aka J.T. Plumerai, Defendant and Appellant.

No. 17913.

Supreme Court of Utah.

Aug. 23, 1982.

William Maiben, pro se.

Robert P. Lunt, of Kirton & McConkie & Bushnell, Salt Lake City, for plaintiffs and respondents.

PER CURIAM:

The plaintiffs filed this action against the defendant for libel and invasion of privacy. On May 29, 1981, the trial court granted summary judgment and a permanent injunction in favor of the plaintiffs. On June 8, 1981, the defendant filed with the trial court a motion for a new trial. However, this motion was never served on opposing counsel, nor was it accompanied by supporting affidavits. See Utah R.Civ.P. 59(c). On June 23, 1981, the defendant served an almost identical motion for a new trial on opposing counsel.

Between May 29, 1981, and June 22, 1981, the defendant continually violated the permanent injunction which had been issued by the trial court. Thus, the plaintiffs obtained an order for the defendant to show cause why he should not be held in contempt of court.

At a hearing on June 30, 1981, the trial court summarily denied the defendant's motion for a new trial, issued a protective order, prohibited the defendant from further subpoenaing the plaintiffs without prior court authorization, found the defendant in contempt of court on the basis of the defendant's own admissions and the evidence submitted, and sentenced the defendant to serve 30 days in the county jail.

On appeal, the defendant claims that he has not violated any law, that he has an unabridged right to publish embarrassing and defamatory statements about another without the other's consent, and that he was imprisoned without due process of law.

Under Utah R.Civ.P. 59(b), a party must serve a motion for a new trial on the opposing party within 10 days from the entry of the judgment. The serving of such a motion suspends from running the one-month period in which a party usually has to file a notice of appeal with this Court pursuant to Utah R.Civ.P. 73(a). After disposition of a timely motion for a new trial, the time for filing a notice of appeal resumes running.

In the present case, 25 days passed after entry of the final judgment before the defendant served a copy of his motion for a new trial and a supporting affidavit on the plaintiffs. When such an untimely motion is made, the trial court's only alternative is to deny the motion, *Hulson v. Atchison T. & S.F. Railway Co.*, 289 F.2d 726 (7th Cir. 1961), which the trial court did in this case. *See also, Holbrook v. Hodson*, 24 Utah 2d 120, 466 P.2d 843 (1970).

An untimely motion for a new trial has no effect on the running of the time for filing a notice of appeal. *See Schlink v. C & O Railway Co.*, 276 F.2d 116 (6th Cir.

1960) and *Wagoner v. Fairview Consol. School Dist. No. 5,* 289 F.2d 480 (10th Cir. 1961), both of which interpret Fed.R.Civ.P. 59 and 73, which are nearly identical to Utah R.Civ.P. 59 and 73. In *Vanjonora v. Draper,* 30 Utah 2d 364, 517 P.2d 1320 (1974), this Court held that an untimely motion for a new trial will not suspend or toll the time for taking an appeal. Because the defendant failed to serve his motion for a new trial on the plaintiffs within 10 days from the date the trial court's final judgment was entered, the time for filing a notice of appeal with this Court continued to run. Although the defendant may have manifested his intention to seek a new trial by filing with the trial court on June 8, 1981, a motion for a new trial, that act did not comply with the requirements of Utah R.Civ.P. 59(b) and (c) and was not sufficient to suspend the running of the one-month period in which a notice of appeal must be filed with this Court. Thus, the defendant had until June 29, 1981, one month after the May 29, 1981 order, to file his notice of appeal with this Court. The defendant did not file his notice of appeal until July 30, 1981. This Court cannot take jurisdiction over an appeal which is not timely brought before it. *Ratliff, Estate of v. Conrad,* 19 Utah 2d 346, 431 P.2d 571 (1967). Thus, the defendant's appeal, insofar as it relates to claims arising out of the final order entered by the trial court on May 29, 1981, and the denial of his motion for a new trial, is dismissed for lack of jurisdiction.

■ This Court may, however, take jurisdiction over the claims of the defendant regarding those portions of the trial court's order entered June 30, 1981, holding the defendant in contempt of court and ordering him committed to the county jail for 30 days. A contempt action is separate from the principal action, *Robinson v. City Court for City of Ogden,* 112 Utah 36, 185 P.2d 256 (1947), and the defendant's notice of appeal from the June 30, 1981 order was filed within the one-month period pursuant to Utah R.Civ.P. 73(a).

■ The defendant claims that he was denied due process in the order to show cause hearing held June 30, 1981. Both this Court and the United States Supreme Court have held that an individual's constitutional rights must be protected during a contempt of court action. Thus, in a prosecution for contempt, not committed in the presence of the court, due process requires that the person charged be advised of the nature of the action against him, have assistance of counsel, if requested, have the right to confront witnesses, and have the right to offer testimony on his behalf. *See, In re Oliver,* 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948); *Cooke v. United States,* 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925); *Powers v. Taylor,* 14 Utah 2d 118, 378 P.2d 519 (1963); *Robinson v. City Court of Ogden, supra.*

■ In the present case, the defendant was given notice of the contempt charge against him when he was served with a copy of the order to show cause. The defendant appeared as his own counsel and offered testimony on his behalf. From an examination of the trial court transcript, it is clear that the trial court never denied the defendant the opportunity to confront adverse witnesses or call witnesses on his own behalf. On the contrary, the defendant himself never requested to confront or call a witness.

It is true that the trial court had, on June 24, 1981, six days prior to the order to show cause hearing, quashed a subpoena which the defendant had issued to a prospective witness. However, the defendant requested the prospective witness's testimony not for the purpose of contesting the contempt action itself, but rather to further contest an issue which had been decided prior to the issuance of the permanent injunction on May 29, 1981. Additionally, by the terms of the supplemental order issued June 30, 1981, the defendant could have obtained the testimony of the prospective witness upon a showing of good cause. The defendant never attempted to make such a showing.

■ In his appeal, the defendant claims for the first time that he was denied the opportunity to confront witnesses. This Court has repeatedly stated that an issue which has not been raised in the trial court will not be considered for the first time on

appeal. *Shayne v. Stanley & Sons, Inc.,* Utah, 605 P.2d 775 (1980); *Edgar v. Wagner,* Utah, 572 P.2d 405 (1977). Because the record is clear that the defendant failed to make a request to confront a witness at the order to show cause hearing, and that he failed to claim at trial that his right to confront witnesses was being denied, we find his claims without merit.

The defendant himself admitted to the trial court his violation of the court's orders; the trial court had in evidence affidavits supporting the charge of contempt. Thus, there was clear and satisfactory evidence to support the trial court's finding that the defendant was in contempt of court.

Affirmed. No costs awarded.

DURHAM, J., does not participate herein.