946 F.2d 902
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Tony Ray WICKER, Defendant-Appellant.
 No. 91-2108.
 United States Court of Appeals, Tenth Circuit.
 Oct. 23, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 After judgment and sentencing Tony Ray Wicker filed a motion to receive 598 days credit on his sentence for time he alleges he served awaiting disposition of his federal charges. The district court denied that motion by an order entered April 8, 1991. Wicker filed a notice of appeal on May 6, 1991.
 
 
 3
 The government argues that this court does not have jurisdiction because the appeal was not filed within the ten days required by Fed.R.App.P. 4(b). If this post-judgment activity is treated as an appeal from a denial of a motion filed in the criminal case it is governed by the ten-day limit of Rule 4(b) and is untimely. Klink v. United States, 308 F.2d 775, 776 (10th Cir.1962). An untimely filing is a jurisdictional defect which prevents us from entertaining the appeal. See United States v. Robinson, 361 U.S. 220, 224 (1960); United States v. Leonard, 937 F.2d 494 (10th Cir.1991). On the other hand, if the appeal is from a denial of relief under 28 U.S.C. § 2255, the thirty-day civil rule limit of Fed.R.App.P. 4(a) applies, and the appeal was timely. See Klink, 308 F.2d at 776. The motion itself is unclear, but the certificate of service attached calls it a "Motion to receive jail time credit a sentence in accordance with title 28 U.S.C. 2255." I R.Doc. 103 at 5. We resolve the doubt in favor of the pro se pleader and treat it as a § 2255 motion; thus, we have jurisdiction over the appeal.
 
 
 4
 The government argues alternatively that we must order dismissal for failure to exhaust administrative remedies. We agree. The presentence report gave Wicker jail time credit against his sentence of 72 days (8/24/87 to 11/3/87). The record contains an "Inmate Request to Staff Member" dated 2/2/90 requesting additional jail time credit for the period 12/17/87 to 4/6/88. A notation under "disposition" indicates that the request was granted, giving Wicker a total of 183 days of jail time credit. That total is also reflected in a sentence monitoring computation data sheet dated 10/5/90. There is some confusion because another data sheet dated 10/11/90 states the credit as 82 days. (We are also unsure where the district court obtained the figure of 155 jail credit days stated in its order denying relief.)
 
 
 5
 Regardless of the true credit figure, nothing in the record before us shows that Wicker ever sought through administrative channels the 598 days his motion requests. There is an administrative procedure by which an inmate can apply for and obtain review of his presentence jail time credits. 28 C.F.R. § 542.10-.16. "It is the administrative responsibility of the Attorney General, the Department of Justice, and the Bureau of Prisons to compute sentences and apply credit where it is due. It is not the province of the sentencing court." United States v. Clayton, 588 F.2d 1288, 1292 (9th Cir.1979).
 
 
 6
 We AFFIRM the district court's denial of relief.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3