25 F.3d 1059
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Lane JOHNSTON Defendant-Appellant.
 No. 93-5256.
 United States Court of Appeals, Tenth Circuit.
 June 3, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant appeals the district court's decision denying his motion to amend and correct the sentence imposed following his entry of a guilty plea to charges of conspiracy, 18 U.S.C. 371, and wire fraud and aiding and abetting, 18 U.S.C. 2, 1343. Defendant asserts that, although the sentencing court awarded him a two-point reduction for acceptance of responsibility, he was actually entitled to a three-point reduction. See U.S.S.G. 3E1.1.
 
 
 3
 Because defendant filed his notice of appeal thirty-five days after the district court's order denying relief, if his motion is construed as a Fed.R.Crim.P. 35 motion, his appeal is untimely. See Klink v. United States, 308 F.2d 775, 776 (10th Cir.1962)(notice of appeal from denial of Rule 35 motion must be filed within ten days of district court's decision in order to vest appellate court with jurisdiction).
 
 
 4
 Liberally construing defendant's motion as requesting relief under 28 U.S.C. 2255, however, his appeal can be considered timely. See Klink, 308 F.2d at 776 (notice of appeal from denial of 2255 motion must be filed within sixty days from entry of judgment). Nonetheless, defendant cannot be afforded relief under 2255.
 
 
 5
 "[Section] 2255 is not available to test the legality of matters which should have been raised on appeal." United States v. Allen, 16 F.3d 377, 378 (10th Cir.1994)(quotation omitted). Defendant could have, but did not, challenge his sentence by pursuing a direct appeal. See 18 U.S.C. 3742. Because he has failed to establish cause for this failure and prejudice resulting therefrom and because he has not established that failure to review this claim will result in a fundamental miscarriage of justice, defendant is procedurally barred from raising this claim in a 2255 motion. See Allen, 16 F.3d at 378.
 
 
 6
 Defendant asserts, in his reply brief, that his counsel was ineffective. Appellant's Reply Br. at 1. This issue should have been raised in the trial court and because it was not done, we do not consider that issue here for the first time. See United States v. Dixon, 1 F.3d 1080, 1082 n. 2 (10th Cir.1993); see also Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1554 n. 6 (10th Cir.1992).
 
 
 7
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470