**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

A. LEONARD VARAH,

Defendant-Appellant.

No. 97-8077
(D.C. No. 86-CR-0063-J)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BARRETT**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

A. Leonard Varah, whose 1987 conviction for conspiracy to commit mail fraud, mail fraud and securities fraud was affirmed by this court in 1992, see United States v. Varah, Nos. 87-2320, 87-2354 and 87-2355, 1992 WL 186530 (10th Cir. July 30, 1992) (unpublished order and judgment), filed a motion to dismiss his indictment on October 8, 1993. Mr. Varah argues that the indictment against him was undated and, therefore, insufficient to prove that he was involved in the charged schemes within the five years preceding the indictment, as required by the 18 U.S.C. § 3282 statute of limitations. The district court denied the motion to dismiss on July 9, 1997.[1]

Mr. Varah filed his notice of appeal from the July 9, 1997 order on July 29, 1997. Mr. Varah is appearing pro se. Construing his motion liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we view his arguments in his motion to dismiss the indictment as a motion to vacate, set aside or correct his sentence

---

[1] While Mr. Varah's motion to dismiss the indictment was pending, he filed a 28 U.S.C. § 2255 motion on May 9, 1994. He then filed a motion to disqualify the United States Attorney from representing the United States in any post-trial proceedings with respect to his conviction. The district court denied the disqualification motion on June 28, 1994, and Mr. Varah filed a motion for reconsideration. The district court denied Mr. Varah's § 2255 motion on November 24, 1995, but did not deny the motion to reconsider the disqualification motion until its July 9, 1997 order. Although Mr. Varah indicates he is appealing the denial of his disqualification motion, he makes no claim of error with respect to its denial, nor do we find any. The district court's July 9, 1997 order also denied as moot Mr. Varah's March 28, 1996 motion to correct the record, which Mr. Varah does not appeal, and granted Mr. Varah's February 3, 1997 motion to enforce an order for reimbursement of funds.

under 28 U.S.C. § 2255.  See, e.g., United States v. Rourke, 984 F.2d 1063, 1067 (10th Cir. 1992) (liberally construing a pro se motion as one brought pursuant to § 2255).  Section 2255 appeals are governed by the time requirements for civil, not criminal, appeals.  See Klink v. United States, 308 F.2d 775, 776 (10th Cir. 1962).  The time to file an appeal in a civil case in which the United States is a party is within sixty days after entry of the order or judgment appealed from.  See Fed. R. App. P. 4(a)(1).  For this reason, Mr. Varah's notice of appeal was timely, and we have jurisdiction.

"Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal."  United States v. Warner, 23 F.3d 287, 291 (10th Cir.1994).  Mr. Varah filed at least one pre-trial motion to dismiss his indictment raising the same 18 U.S.C. § 3282 statute of limitations claim that Mr. Varah raises in his October 8, 1983 motion; that is, that his involvement in the alleged conspiracy and fraud ended more than five-years prior to the filing of the indictment.[2]  See R., Doc. 36, 50.  The pre-trial motion to dismiss the indictment was denied by the district court.  Mr. Varah did not raise the § 3282 statute of limitations issue on direct appeal, nor did he raise any objections with respect to

_____

[2]      The district court stated that Mr. Varah filed a second pre-trial motion to dismiss the indictment on April 30, 1987, raising the same § 3282 statute of limitations argument.  However, the record on appeal does not include this motion.

the date or sufficiency of the indictment. See Varah, 1992 WL 186530, at **1-4.

"A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." Warner, 23 F.3d at 291. We need not address whether this bars Mr. Varah from asserting his claim, however, because, even assuming it is not procedurally barred, the claim fails on its merits.

"When 'the attack upon the indictment is made collaterally, the judgment must stand if the indictment is sufficient to meet constitutional requirements.'" Chavez v. Baker, 399 F.2d 943, 944 (10th Cir. 1968) (quoting Flores v. United States, 338 F.2d 966, 967 (10th Cir. 1964). The district court docket sheet shows that the indictment was filed on September 18, 1986, and the indictment bears the clerk's file stamp of that date. See R. Doc. 1. Mr. Varah's pre-trial motion to dismiss the indictment states that the indictment was filed on September 23, 1986, and bases its § 3282 statute of limitations argument on that date. As the indictment adequately informed Mr. Varah of the offenses charged and alleged the essential elements of the offenses, the indictment was constitutionally sufficient. See id. Further, even if the indictment were subject to attack, this court necessarily and implicitly resolved Mr. Varah's statute of limitations issue against

him when it affirmed his conviction, finding evidence that Mr. Varah sent mailings in furtherance of the charged schemes on July 16, 1982, and January 19, 1983, within § 3282's five-year limitation period, applying the September 18, 1986 filing date of the indictment. See Varah, 1992 WL 186530, at **2, 4.

The judgment of the United States District Court for the District of Wyoming is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Robert H. Henry
Circuit Judge