**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 14 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT LEE DOWNS,

Defendant-Appellant.

No. 01-3003
(District of Kansas)
(D.C. No. 00-CV-3127-JTM)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The case is before this court on Robert Lee Downs' request for a certificate of appealability ("COA"). Downs seeks a COA so he can appeal the district

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court's denial of the motion to vacate, set aside, or correct sentence he filed pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (providing that the appeal of a final order disposing of a § 2255 motion may not be taken to a court of appeals unless a COA is issued).

Also before this court is appellee's motion to dismiss Downs' appeal. Appellee relies on Rule 4(b) of the Federal Rules of Appellate Procedure to support its argument that Downs' notice of appeal should have been filed within ten days after the district court entered its order denying his § 2255 motion. Appeals from the grant or denial of a § 2255 motion, however, are governed by the time requirements applicable to civil appeals. *See Klink v. United States*, 308 F.2d 775, 776 (10th Cir. 1962). Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure provides that when the United States is a party in an action, the notice of appeal must be filed "within 60 days after the judgment or order appealed from is entered." Rule 4(a)(4) details the effect of certain motions on the time for filing a notice of appeal. *See* Fed. R. App. P. 4(a)(4). We have reviewed the record and conclude that Downs' notice of appeal was timely filed. Appellee's motion is therefore **denied**.

Downs entered a conditional guilty plea to a count of possession of marijuana with the intent to distribute. Downs brought a direct appeal challenging the district court's denial of his motion to suppress evidence found in

his vehicle. This court affirmed the district court's denial of the motion to suppress. *See United States v. Downs*, 151 F.3d 1301 (10th Cir. 1998).

Downs then filed the instant § 2255 motion. In his motion, Downs raised several ineffective assistance of counsel claims. Downs also alleged that his due process rights were violated by: (1) the government's failure to disclose evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) the government's use of leading questions during the direct examination of a police officer; and (3) the government's use of false testimony. Downs also claimed he was illegally stopped because of his race.

The district court first determined that Downs should have raised two of the issues on direct appeal and, therefore, they were procedurally barred. Downs argues that the district court failed to consider whether the alleged ineffective assistance of his counsel constituted cause for the procedural default. We have reviewed the record and conclude that Downs did not present any evidence that demonstrated cause for the default. *See United States v. Wright*, 43 F.3d 491, 496 (10th Cir. 1994) ("A defendant is procedurally barred from presenting any claim in a section 2255 petition that he failed to raise on direct appeal unless he can demonstrate cause for his procedural default and prejudice suffered thereby . . . .").

-3-

The court next considered each of Downs' ineffective assistance claims and concluded they were without merit. *See United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996) ("A defendant may establish cause for procedural default by showing he received ineffective assistance of counsel."). The district court determined that Downs had not shown constitutionally-deficient performance on the part of his counsel or had not shown that he was prejudiced by counsel's performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Finally, the district court considered Downs' due process claims and rejected them on the merits. In particular, Downs failed to establish that the government had an obligation under *Brady v. Maryland* to produce photographs of the drugs found in his vehicle. *See* 373 U.S. 83 (1963). Downs claims these photographs show that the raw marijuana found in the trunk of his vehicle was tightly wrapped in plastic and bound with duct tape. Downs, however, provided no support for his unsubstantiated allegation that the wrapping made it impossible for the arresting officer to smell the marijuana. Thus, Downs did not demonstrate that the district court would have granted his motion to suppress if the government had provided the photographs to him and, consequently, failed to show that the photographs were material. *See United States v. Bagley*, 473 U.S. 667, 682 (1985) ("[E]vidence is material only if there is a reasonable probability

that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.").

Downs is not entitled to a COA unless he can make "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). Downs can make that showing by demonstrating that: (1) the issues raised are debatable among jurists, (2) a court could resolve the issues differently, or (3) the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

This court has reviewed Downs' application for a COA and appellate brief, the district court's order, and the entire record before us. That review has uncovered no reversible error in the district court's disposition of Downs' § 2255 motion. Thus, we conclude that the district court's disposition of Downs' § 2255 motion is not deserving of further proceedings, debatable among jurists of reason, or subject to a different resolution on appeal. Accordingly, Downs has not made "a substantial showing of the denial of a constitutional right" and is not entitled to a COA. *See* 28 U.S.C. § 2253(c)(2). This court **denies** Downs' request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-5-