**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 21 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TAYOUN LEESHAWN BELL,

    Defendant - Appellant.

No. 01-6445
(D.C. No. 01-CV-1206-T,
96-CR-84-T)
(W.D. Oklahoma)

## ORDER AND JUDGMENT[*]

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

On January 13, 1997, Defendant-Appellant Tayoun Leeshawn Bell pled

guilty to possessing nine ounces of cocaine base with the intent to distribute, in

violation of 21 U.S.C. § 841(a)(1). Three months later, the United States District

Court for the Western District of Oklahoma sentenced Mr. Bell to 210 months in

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

prison and five years of supervised release (R.O.A., Vol. I, Doc. 96), a sentence we upheld on direct appeal.  See United States v. Bell, 145 F.3d 1346, 1998 WL 292404 (10th Cir. June 3, 1998) (unpublished).

On July 3, 2001, Mr. Bell filed a pro se motion with the district court pursuant to 28 U.S.C. § 2255 to "vacate, set aside, or correct" his sentence, arguing (1) that the attorney representing him during sentencing and on direct appeal performed ineffectively (a) by not apprising him of "the pros and cons" of appealing, and (b) by not timely informing him of our prior decision affirming his conviction; (2) that the government violated its plea agreement with him, as well as § 1B1.8 of the United States Sentencing Guidelines, by using during sentencing incriminating information obtained from Mr. Bell after he entered his guilty plea but before he was sentenced; (3) that his indictment was constitutionally defective because it only alleged that he possessed nine ounces of cocaine base and did not allege other "essential elements," such as "extra amounts of drugs or firearms" used to enhance his sentence (Aplt. Br. at 13); and (4) that his enhanced sentence was illegal under Apprendi v. New Jersey, 530 U.S. 466 (2000), because the enhancement was based on facts omitted from the indictment.[1]  (R.O.A., Vol. III,

---

[1]Apprendi held that "any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."  530 U.S. at 476 (internal quotation marks omitted).

Doc. 187.)  Mr. Bell also contended that the untimeliness of his § 2255 motion, see 18 U.S.C. § 2255 (requiring that a petitioner bring a § 2255 motion within one year of his conviction becoming final), should be excused because he did not learn that this sentence had been affirmed on direct appeal until August 28, 2000.[2]

The district court rejected all of Mr. Bell's grounds for relief, although it assumed that the alleged failure of Mr. Bell's counsel to notify him of this court's decision affirming his sentence excused the petition's untimeliness.  (Order at 2.) The district court offered both procedural and substantive grounds for rejecting Mr. Bell's motion.  Procedurally, the court reasoned that because Mr. Bell could have raised his claims on direct appeal, he could only assert them in a § 2255 proceeding if he could "demonstrate cause excusing his procedural default and actual prejudice resulting from the alleged errors, or [could] show that a fundamental miscarriage of justice [would] occur if his claims [were] not addressed."  (Id. (citing United States v. Wagner, 23 F.3d 287, 291 (10th Cir. 1994).)  Alternatively, the district court explained, Mr. Bell's claims would fail "[e]ven if considered on the merits."  (Id. at 2 n.3.)  Mr. Bell's ineffective-

_____

[2]Mr. Bell asserts that, despite sending several letters to the district court and his former attorney, he did not receive notice that this court affirmed his sentence on direct appeal until August 28, 2000, when he received a letter from a clerk of this court informing him that his case had been terminated in August 1998.  (Aplt. Br. at 3; id. Ex. 6.)  Mr. Bell filed his § 2255 motion on July 3, 2001.

- 3 -

assistance-of-counsel and breach-of-plea-agreement claims were too vague to permit review, while his indictment and enhanced sentence complied with the constitutional requirements outlined in Apprendi, the district court concluded.

Mr. Bell then filed a notice of appeal with this court.[3] Because the district court never addressed whether Mr. Bell's claims warranted the issuance of a certificate of appealability (COA), see 18 U.S.C. § 2253(c)(1)(B), we construe his notice of appeal as a renewed application for a COA. See Hoxsie v. Kerby, 108 F.3d 1239, 1241 (10th Cir. 1997); Fed. R. App. P. 22(b). Additionally, Mr. Bell filed a motion to proceed with his appeal *in forma pauperis* (*ifp*). Because Mr. Bell has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we reject his COA application and dismiss this appeal. Because we believe Mr. Bell raised nonfrivolous claims, however, we grant his *ifp* request.

---

[3]On December 18, 2001, the district court entered an order denying a motion by Mr. Bell for extension of time to file his notice of appeal. (R.O.A. Vol. III, Doc. 202.) On that same day, however, Mr. Bell filed a notice of appeal with the district court. (Id., Doc. 203.) Mr. Bell's notice of appeal was timely filed, and, therefore, his request for an extension to file notice was unnecessary. The district court entered its order denying Mr. Bell's § 2255 motion on October 19, 2001. We have previously held that the civil rules of appellate procedure apply to the denial of a § 2255 motion. See Klink v. United States, 308 U.S. 775, 776 (10th Cir. 1962). Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure requires that "[w]hen the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(B). By filing on December 18, 2001, Mr. Bell satisfied the sixty-day deadline.

Like the district court, we assume for purposes of this appeal only that the alleged failure of Mr. Bell's attorney to inform him of our prior decision upholding his sentence equitably tolled § 2255's one-year filing requirement. With this assumption in mind, we first turn to Mr. Bell's ineffective assistance of counsel claim. To the extent the district court dismissed the ineffective assistance of trial counsel claim on the grounds that the Mr. Bell did not raise it on direct appeal, it erred. We have previously explained that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal," United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc), and we have rejected the position that "some ineffectiveness claims [must] be brought on direct appeal." Id. at 1241. Nonetheless, we agree with the district court's alternative basis for rejecting the ineffective assistance of counsel claim, namely that Mr. Bell did not "apprise the court of the factual basis of the claim." (Order at 2 & n.3.)

To prevail on his ineffective assistance of counsel claim, Mr. Bell must demonstrate (1) that his counsel's "representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. As best we can tell from the record on appeal, Mr. Bell's ineffective assistance of

counsel argument before the district court consisted of a claim that "counsel fail[ed] to advise [him of] the pros and cons of the appeal . . . and fail[ed] to notify [him] of the opinion [affirming his sentence on direct appeal]." (R.O.A., Vol. III, Doc. 187, p. 5.) In no place does Mr. Bell explain, however, how he was prejudiced by the alleged failures. Moreover, prejudice resulting from his claim that his attorney performed ineffectively by not notifying him in a timely fashion of our decision upholding his sentence on direct appeal has been rendered effectively moot by this court and the district court treating his § 2255 motion as timely filed. The allegations supporting the remaining Strickland claim–that his attorney failed to inform him of the "pros and cons" of appeal–are, as the district court pointed out, conclusory and completely devoid of any explanation that would permit a court to evaluate whether Mr. Bell's counsel in fact performed deficiently or, assuming deficient performance occurred, whether any prejudice resulted. Therefore, as presented before the district court, Mr. Bell ineffective assistance of counsel claim fails, see e.g., Moore v. United States, 950 F.2d 656, 660 (10th Cir. 1991) ("A defendant making an ineffectiveness claim on a counseled guilty plea must identify particular acts or omissions of counsel tending to prove that counsel's advice was not within the wide range of professional competence."), notwithstanding our obligation to construe Mr. Bell's pro se filings liberally. Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir.

1997) (explaining that a court will not supply a pro se plaintiff "additional factual allegations to round out [his] complaint or to construct a legal theory on [his] behalf").

Mr. Bell also asserts (for the first time, as far as we can discern from the record on appeal) that his counsel performed ineffectively by not "relating the relevant facts of law." (Aplt. Br. at 7.) In particular, he suggests, in a passing sentence, that his attorney did not inform him of the prosecution's burden to prove his guilt beyond a reasonable doubt or of the potential use of sentencing factors. Mr. Bell also argues that his appellate counsel failed to effect a proper appeal, and he suggests that his attorney either stated or implied that he would only be sentenced for nine ounces of cocaine and that his sentence would not be enhanced based on any larger drug amounts. (Id. at 7-8.)

Because Mr. Bell did not raise these claims in his petition before the district court, however, he has forfeited his right to assert them in this appeal. See Parker v. Champion, 148 F.3d 1219, 1222 (10th Cir. 1998) (explaining that appellate courts will not "rewrite a [habeas] petition to include claims that were never presented" to the district court and refusing to entertain a pro se petitioner's claim of ineffective assistance of trial counsel when his petition before the district court only asserted ineffective assistance of appellate counsel). Moreover, as with his "pros and cons" argument, Mr. Bell has not presented this court with

sufficient evidence in the record that would allow for an evaluation of his claims. In support of his claim that his attorney did not properly inform him of the relevant legal issues at the time he entered his plea, Mr. Bell simply directs us to his plea agreement, but that document expressly gave the government the right "to provide any facts or pertinent . . . as required by the Sentencing Guidelines" and informed Mr. Bell "that the matter of sentencing is entirely within the discretion of the sentencing court, subject to the Sentencing Reform Act of 1984 (Sentencing Guidelines)." (R.O.A. Vol. I, Doc. 69.) To bolster his claim that counsel performed ineffectively on appeal, he argues that his attorney filed an Anders brief on appeal and references "Exhibit 4" of his appellate brief. His appellate brief, however, only contains three exhibits, and the briefs filed in Mr. Bell's direct appeal (which this court located notwithstanding Mr. Bell's failure to include them in the record on appeal) make no mention of an Anders brief. Similarly, our prior order and judgment disposing of Mr. Bell's direct appeal makes no reference to counsel having filed an Anders brief. Such deficiencies would defeat Mr. Bell's ineffective assistance of counsel claim, even assuming he properly raised these arguments in the § 2255 petition filed with the district court, which, based on the record before us, he did not.

Mr. Bell's remaining claims also fail on the merits. He argues that the government breached its plea agreement with him by allegedly using his

admission that he possessed thirty-five ounces of cocaine against him at sentencing (Aplt. Br. at 11), but he does not provide this court with a copy of his presentence report (PSR) or a transcript of the sentencing proceedings from which we could evaluate this claim. In its filings with the district court, the government, citing Mr. Bell's PSR, argued that "the presentence report did not identify any cocaine or cocaine base 'crack' that was disclosed by [Mr. Bell] as a result of a plea agreement. All of the evidence of the [Mr. Bell's] drug quantity was obtained from other witnesses." (R.O.A. Vol. III, Doc. 197, p. 8.) Mr. Bell offers us no reason to question the validity of this assertion. And, as with his ineffective assistance of counsel claim, it appears that Mr. Bell is attempting to assert an argument not presented to the district court.

Finally, Mr. Bell's contention that his indictment was defective because it only referenced the nine ounces of cocaine and did not refer to a firearm and other drug quantities later used to enhance his sentence and that, correspondingly, his sentence violated the Supreme Court's ruling in <u>Apprendi</u>, is squarely foreclosed by (1) our recent decision holding that <u>Apprendi</u> does not apply retroactively to initial § 2255 motions, <u>United States v. Mora</u>, 293 F.3d 1213, 1219 (10th Cir. 2002), (2) the Supreme Court's recent decision holding that the rule announced in <u>Apprendi</u> does not apply where courts make factual findings that increase a defendant's mandatory minimum sentence but that do not increase

the maximum statutory sentence facing the defendant, <u>Harris v. United States</u>, 122 S.Ct. 2406, 2418 (2002) ("[T]he facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proven beyond a reasonable doubt."), and (3) the fact that Mr. Bell's sentence of 210 months in prison falls below that statutory maximum of twenty years he faced for a conviction under § 841(a) had no cocaine amount been alleged.[4] <u>See United States v. Combs</u>, 267 F.3d 1167, 1182 (10th Cir. 2001); <u>United States v. Eaton</u>, 260 F.3d 1232, 1239 (10th Cir. 2001); <u>United States v. Wilson</u>, 244 F.3d 1208, 1214-15 (10th Cir. 2001); <u>United States v. Hishaw</u>, 235 F.3d 565, 571 (10th Cir. 2000).

Accordingly, we **DENY** Mr. Bell's request for a COA and **DISMISS** the appeal. Nonetheless, we **GRANT** Mr. Bell's application to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[4]Mr. Bell's additional suggestion that the alleged deficiencies in his indictment somehow deprived the district court of jurisdiction (Aplt. Br. at 14-15), was rejected by our decision in <u>United States v. Prentiss</u>, 256 F.3d 971, 981 (10th Cir. 2001) (en banc), and the Supreme Court's recent ruling in <u>United States v. Cotton</u>, 122 S. Ct. 1781, 1785 (2002).