2006 UT App 89

**In the matter of Margaret CANNATEL-LA, an incapacitated person.**

**Gerald R. Homeyer, Appellant,**

**v.**

**Stagg & Associates, conservator for Margaret Cannatella, Appellee.**

**No. 20040938–CA.**

Court of Appeals of Utah.

March 9, 2006.

Tony Rippa, Abbott & Associates PC, Provo, for Appellant.

Alexander Dushku, Kirton & McConkie, and Michael A. Jensen, Salt Lake City, for Appellee.

Before BENCH, P.J., BILLINGS and ORME, JJ.

## MEMORANDUM DECISION

BENCH, Presiding Judge:

¶1 The trial court found Appellant Gerald R. Homeyer in contempt for (1) failing to account for his mother's funds that he used for his own benefit and (2) failing to turn over all of his mother's funds in his possession or under his control. The trial court sentenced Homeyer to thirty days in jail and entered a judgment against him in the amount of $116,181.26. Homeyer served the jail time and appeals only the monetary judgment entered against him.

¶2 Homeyer argues that the trial court deprived him of due process of law at the contempt hearing by holding an evidentiary hearing on the merits of the underlying damages claim and by failing to provide adequate notice of the evidentiary hearing. Homeyer also argues that he was denied due process because he was self-represented at the hearing. "Constitutional issues, including that of due process, are questions of law which we review for correctness." *In re K.M.*, 965 P.2d 576, 578 (Utah Ct.App.1998).

¶3 "[The Utah Supreme] Court and the United States Supreme Court have held that an individual's constitutional rights must be protected during a contempt of court action." *Burgers v. Maiben*, 652 P.2d 1320, 1322 (Utah 1982) (per curiam). "[D]ue process requires that the person charged be advised of the nature of the action against him, have assistance of counsel, if requested, have the right to confront witnesses, and have the right to offer testimony on his behalf." *Id.* Homeyer argues that the notice he received was inadequate because it failed "to inform him of the nature of the proceedings" and, consequently, he was unprepared at the hearing to respond to questions or present evidence. "Timely and adequate notice and an opportunity to be heard in a meaningful way are the very heart of procedural fair-

ness." *Nelson v. Jacobsen,* 669 P.2d 1207, 1211 (Utah 1983). "To satisfy an essential requisite of procedural due process, a hearing must be prefaced by timely notice which adequately informs the parties of the specific issues they must prepare to meet." *Id.* at 1213 (quotations and citations omitted).

¶ 4 Homeyer received notice of the contempt charge against him when he was served with a copy of the order to show cause. The order to show cause specifically ordered "Gerald Homeyer" to appear at the hearing regarding "his failure to provide an accounting of his mother's funds for the period of April 1, 2002[,] through April 30, 2002[,] and for his failure to turn over all of his mother's funds in his possession or under his control." The order to show cause served upon Homeyer therefore adequately and sufficiently apprised him of the specific issues he was to prepare to address at the contempt hearing.

¶ 5 Homeyer also argues that the trial court denied him due process because he represented himself at the contempt hearing and lacked sufficient legal knowledge. We disagree. "As a general rule, a party who represents himself will be held to the same standard of knowledge and practice as any qualified member of the bar." *Id.* Although a pro se litigant "should be accorded every consideration that may reasonably be indulged," a litigant "acting as his own attorney does not require the court to interrupt the course of proceedings to translate legal terms, explain legal rules, or otherwise attempt to redress the ongoing consequences of the party's decision to function in a capacity for which he is not trained." *Id.* As a result, Homeyer's self-representation did not deprive him of due process.

¶ 6 Finally, Homeyer asserts that because the contempt action is separate from the principal action, the contempt hearing should not have delved into issues contained in the underlying claim. Under Utah law, "in order to prove contempt for failure to comply with a court order it must be shown

that the person cited for contempt knew what was required, had the ability to comply, and intentionally failed or refused to do so." *Von Hake v. Thomas,* 759 P.2d 1162, 1172 (Utah 1988). "The trial court must enter written findings of fact and conclusions of law with respect to each of the three substantive elements" for contempt. *Id.* The court therefore properly received evidence regarding which funds in Homeyer's possession were at issue, an accounting of the funds, and whether they were properly held or used for the benefit of Homeyer's mother—even though this evidence was also relevant to the principal action.

¶ 7 Although the trial court properly received evidence concerning issues contained in the principal action, the trial court should not have entered a final judgment for monetary damages on the underlying claim at the contempt hearing.[1] Utah law provides only three available sanctions for a contemnor:

(1) punishment of the contemnor by a fine and/or imprisonment for a designated period under [section] 78–32–10; (2) indemnification of a damaged party by ordering the contemnor to pay him money for actual loss or injury under [section] 78–32–11, . . .; and (3) coercion of the contemnor by imprisoning him until he shall perform, under [section] 78–32–12.

*Bradshaw v. Kershaw,* 627 P.2d 528, 530 (Utah 1981) (emphasis omitted); *see also* Utah Code Ann. §§ 78–32–10 to –12 (2002). Although contempt sanctions may include monetary damages to the aggrieved party under Utah Code section 78–32–11, such monetary damages may only be issued in a contempt proceeding "[i]f an actual loss or injury to a party in an action . . . *is caused by the contempt.*" Utah Code Ann. § 78–32–11 (emphasis added); *see also Foreman v. Foreman,* 111 Utah 72, 176 P.2d 144, 150 (1946) ("Any actual loss suffered by the party aggrieved may be recovered if caused by the party through his contemptuous acts."). In the instant matter, Homeyer's contempt did not cause the alleged losses. In fact, the

---

1. Counsel for the conservator acknowledged at oral argument that the substantial judgment imposed was not a sanction for contempt but rather an award of damages in satisfaction of its underlying claim.

alleged losses existed prior to the trial court's initial order from which Homeyer's contempt is based. As a result, the trial court erred in entering a judgment for damages not caused by Homeyer's contempt.

¶8 We therefore reverse the monetary judgment against Homeyer in the amount of $116,181.26 and remand to the trial court for further proceedings on the underlying claim.

¶9 WE CONCUR: JUDITH M. BILLINGS and GREGORY K. ORME, Judges.